**UNITED STATES ex rel. RANDAZZO v. TOD, Commissioner of Immigration.**

(Circuit Court of Appeals, Second Circuit. February 4, 1924.)

No. 207.

1. **Aliens ☞51½, New, vol. 16A Key-No. Series—Returning alien held not entitled to re-enter under Quota Act of 1921, in view of department order and Immigration Act of 1917; "temporary absence."**

Illiterate alien, who returned to native country and remained there for a year and nine months, and who gave no convincing proof of having had any domicile in the United States, was not entitled to re-enter, under Quota Act 1921, § 2 (Comp. St. Ann. Supp. 1923, § 4289½a), entitling "aliens returning from a temporary visit abroad" to enter, in view of rule of Secretary of Labor No. 2a, construing "temporary absence" to mean an absence not exceeding six months in duration, and Immigration Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), providing that aliens returning from a temporary absence may be admitted in the discretion of the Secretary of Labor, under such conditions as he may prescribe, and Immigration Rule No. 16, adopted thereunder, requiring returning aliens to give convincing proof of domicile in the United States for seven consecutive years and of departure therefrom with intention of returning, since the Quota Act is in addition to the Immigration Act of 1917, and not a substitution therefor, and returning alien was therefore required to comply with both acts.

2. **Aliens ☞51½, New, vol. 16A Key-No. Series—Department rule limiting "temporary absence" to six months held reasonable.**

Secretary of Labor Rule No. 2a, construing "temporary absence," within Quota Act 1921, § 2 (Comp. St. Ann. Supp. 1923, § 4289½a), entitling aliens returning from a "temporary" visit abroad to admission, notwithstanding exhaustion of their quota, to mean an absence not exceeding six months in duration, *held* reasonable, at least in the absence of any extraordinary or explanatory circumstances.

Appeal from the District Court of the United States for the Southern District of New York.

Application for writ of habeas corpus by the United States, on the relation of Giuseppe Randazzo, against Robert E. Tod, Commissioner of Immigration. From an order releasing relator, the respondent appeals. Reversed.

William Hayward, U. S. Atty., of New York City (James C. Thomas, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Randazzo is an illiterate alien Italian. He came to this country first in 1906, and remained until 1914 when he returned to Italy and married. In the same year he returned, according to his own evidence, although no record of his second arrival at the time and place given can be found. He remained, his wife with him, as he testified, until 1919, when the wife went back to Italy, he stayed here until 1921, but less than seven years after his landing in 1914. He then went to join his wife in Italy, and there remained for a year and nine months. He then attempted to return to the United States, leaving his wife in Italy, and was rejected as an illiterate, and as one arriving in excess of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Italian quota. On these uncontradicted facts he was discharged on habeas corpus.

We can find no reason for the action below, nor any excuse but inadvertence. That the alien was an illiterate, and as such not entitled to enter, had he never been here before, is indisputable. Act Feb. 5, 1917, 39 Stat. 874 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b). He attempted to enter under the proviso that:

"Aliens returning from a temporary absence to an unrelinquished United States domicile of seven consecutive years may be admitted in the discretion of the Secretary of Labor, and under such conditions as he may prescribe."

Under this law the Secretary has made various regulations; and the sixteenth immigration rule provides that returning aliens must give "convincing proof of domicile in the United States for seven consecutive years, and of departure therefrom with the intention of returning thereto." We have not been favored with the views of counsel for the alien, but entry was doubtless also attempted under the proviso of the Quota Act of 1921 (42 Stat. 5 [Comp. St. Ann. Supp. 1923, § 4289½a]) to the effect that "aliens returning from a temporary visit abroad" shall be admissible notwithstanding exhaustion of their quota. Under this statute, also, the Secretary of Labor has established a rule (2a) that "temporary absence" shall be construed to mean "an absence in any foreign country (without relinquishment of domicile) not exceeding six months in duration."

[1, 2] Whether a six-months limit upon "temporary absence" be viewed as an exercise of discretion under the act of 1917, or a rule under general departmental powers, and under the act of 1921, we agree with Hee v. White (C. C. A.) 273 Fed. 10, that such a rule or interpretation of a statute is reasonable, at least in the absence of any extraordinary or explanatory circumstances. But the Quota Act is in addition to the original statute, and not a substitution therefor. They are coexisting laws, to be reconciled. U. S. ex rel. Gottlieb v. Commissioner of Immigration (C. C. A.) 285 Fed. 295. Therefore Randazzo had to comply with both; there being nothing in them irreconcilable as applied to his case.

Consequently this relator had no domicile of seven years' duration when he left in 1921; he gave, indeed, no convincing proof of having had any domicile in this country, and his last absence was (1) not temporary under the reasonable rule of the department, and (2) not temporary under any accepted meaning of that word.

Order reversed.