## THE BENNINGTON.

(District Court, N. D., Ohio, E. D. November 28, 1925.)

1. **Admiralty ⊕123—Seaman, suing for personal injuries caused by employer's failure to furnish safe place to work, not relieved by statute from giving bond or deposit for costs and fees.**

Libel by seaman, under Jones Act, § 33 (Comp. St. Ann. Supp. 1923, § 8337a); for personal injuries alleged to have been caused, not by violation of any Safety Appliance Act, but by negligence of employer or its employees in not exercising ordinary care to furnish a reasonably safe place to work, *held* not an action to enforce law made for libelant's health and safety, within Act July 1, 1918 (Comp. St. Ann. Supp. 1919, § 1630a), permitting seamen to sue, in such case, without furnishing bond, or prepaying or making deposit to secure fees or costs, and without suing in forma pauperis, under Comp. St. § 1626.

2. **Admiralty ⊕123—Only citizen may sue in forma pauperis in federal court.**

Only citizen of United States may sue in federal court without furnishing bond, or prepaying or making deposit to secure fees or costs, by complying with provisions of Comp. St. § 1626, as to suits in forma pauperis.

In Admiralty. Application by Charles Reed for leave to file libel against the steamship Bennington without furnishing bond or security for fees or costs. Leave granted, if libelant is citizen of United States.

Hugo V. Prucha, of Cleveland, Ohio, for libelant.

WESTENHAVER, District Judge. Libelant asks leave to file this libel under favor of section 1630a, U. S. Comp. St. 1919, without furnishing bond or prepayment of or making deposit to secure fees or costs, and also without suing in forma pauperis, as is permitted by U. S. Comp. St. § 1626. The clerk, being in doubt as to libelant's right so to do, has requested an opinion of the court. [1] Section 1630a, Act July 1, 1918, permits seamen to sue in any United States court, including appellate courts, without furnishing bonds or prepayment of or making deposit

to secure fees or costs, if the suit is in their own name or for their own benefit, for wages or salvage and to enforce laws made for their health and safety. Plaintiff's libel is to recover for personal injuries. It is not one to recover for wages or salvage, although earnings lost because of the injuries complained of are an element in assessing his damages in the event he is entitled to recover.

The controlling question is whether the libel is one "to enforce laws made for their health and safety"; i. e., for the health and safety of the plaintiff. The construction of this clause has never been authoritatively settled. Doubts exist as to whether it is applicable to libels to recover damages for injuries under section 33 of the so-called Jones Act, now section 8337a, U. S. Comp. Stat. 1923. If section 1630a can be invoked in libelant's favor, it is only because an action under section 33 of the Jones Law is one to enforce laws made for the health and safety of seamen. In my opinion, that section may or may not be of that nature. Literally, it cannot be an action to enforce any such law directly. It may, however, be an action indirectly to recover because of the violation of a law for the health and safety of seamen. If a liberal construction is, as it should be, given to section 1630a, an action based upon a violation of a law made for the health and safety of a seaman might be held to be an action to enforce a law made for the health and safety of seamen.

Plaintiff's libel charges against respondent nothing except negligence. The charges amount to no more than a failure to exercise reasonable and ordinary care to provide the libelant with a safe place to work. Section 33 of the Jones Law applies to an action of this nature by a seaman, the provisions conferring or regulating the right of action for death in case of railway employees. Certain rights of action thus conferred on railway employees may arise out of negligence of officers, agents, or other employees. Other actions may arise by reason of defects or insufficiency, due to negligence, in cars, engines, appliances, machinery, track, roadbed, ways, or works. In addition thereto there are certain special or supplementary acts pertaining to safety appliances. These last are undoubtedly acts made for the health and safety of railway employees, whereas the oth-

er provisions of the federal Employers' Liability Act (Comp. St. §§ 8657–8665) above summarized are not of that nature, but are merely acts conferring a right to recover damages in the case of negligence. Section 3 (Comp. St. § 8659) provides that contributory negligence shall not be a defense nor taken in mitigation of damages, "where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." Section 4 (Comp. St. § 8660) makes like provision as to the defense by the employer of the doctrine of assumption of risk. It is the last situation only that section 1630a can by the most liberal construction apply. It is only then that the action can be thus construed as one to enforce laws made for the health and safety of seamen.

Plaintiff's action is not of that nature. He does not invoke or rely on any safety act, such as are regarded as safety acts under the federal Employers' Liability Law. He rests his right to recover upon the ordinary negligence of respondent or its employees in not exercising ordinary care in providing a reasonably safe place to work.

Only two cases are cited in which section 1630a has been construed or applied. In The Memphian (D. C.) 245 F. 484, decided by Morton, District Judge, the seaman was suing to recover wages and nothing else. He was literally within the terms of the statute. In The Nigretia (2 C. C. A.) 249 F. 348, 161 C. C. A. 356, the nature of the action is not stated. It involved, however, costs in the appellate courts and arose under Act of June 12, 1917 (40 Stat. 112), which did not expressly include costs in the appellate courts. It was held that that act, now superseded by the Act of July 1, 1918, did not entitle seamen to prosecute actions in appellate courts without complying with the ordinary rules for the payment or security of costs. No other case has been called to my attention.

[2] If the libelant is a citizen of the United States, he may, by complying with the provisions of section 1626, U. S. Comp. Stat., prosecute his action without furnishing bond or prepaying or making deposit to secure fees or costs. If he is not a citizen, in my opinion he will be required to comply with the law and the rules of this court in all matters pertaining to paying or securing costs.