LIDONNICI et al. v. DAVIS, Secretary of Labor, et al.

(Court of Appeals of District of Columbia. Submitted October 6, 1926. Decided December 6, 1926.)

No. 4405.

1. Aliens ⟂51½, New, vol. 16A Key-No. Series—Aliens who left domicile and after more than six months returned to United States clandestinely, held subject to deportation (Immigration Act Feb. 5, 1917, §§ 1, 3, 19 [Comp. St. §§ 4289¼a, 4289¼b, 4289¼jj]; Quota Act May 19, 1921, §§ 1, 2 [Comp. St. §§ 4289½, 4289½a]).

Aliens, who without intent to relinquish United States domicile returned to their native country and were unable to return within six months, but after several years went successively to Cuba and Mexico, and then into the United States, held subject to deportation, in view of Immigration Act Feb. 5, 1917, §§ 1, 3, 19 (Comp. St. §§ 4289¼a, 4289¼b, 4289¼jj), and Quota Act May 19, 1921, §§ 1, 2 (Comp. St. §§ 4289½, 4289½a), where they entered without inspection at place other than port of entry, and did not show quota was not exhausted.

2. Aliens ⟂1—Plaintiffs, neither native-born nor naturalized, attempting re-entry after absence from claimed domicile of seven years, held "aliens" (Immigration Act Feb. 5, 1917, § 1 [Comp. St. § 4289¼a]; Quota Act May 19, 1921, § 1 [Comp. St. § 4289½]).

Plaintiffs, who were neither native-born nor naturalized citizens, who attempted return to the United States after an absence of more than six months from a claimed domicile of seven consecutive years, held to come as "aliens," under Immigration Act Feb. 5, 1917, § 1 (Comp. St. § 4289¼a), and Quota Act May 19, 1921, § 1 (Comp. St. § 4289½).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Alien—Alienage.]

3. Aliens ⟂51½, New, vol. 16A Key-No. Series—Secretary of Labor's definition of "temporary absence" as one not exceeding six months in duration, held reasonable (Quota Act May 19, 1921 [Comp. St. § 4289½ et seq.]).

Rule of Secretary of Labor promulgated under Quota Act May 19, 1921 (Comp. St. § 4289½ et seq.), defining "temporary absence" as an absence in any foreign country not exceeding six months in duration, held reasonable.

4. Aliens ⟂53—Refusal to admit aliens returning after temporary absence to unrelinquished domicile of seven years held not abuse of discretion (Immigration Act Feb. 5, 1917, § 3 [Comp. St. § 4289¼b]).

Refusal of Secretary of Labor to admit plaintiffs as aliens returning after a temporary absence to an unrelinquished domicile of seven consecutive years, pursuant to Immigration Act Feb. 5, 1917, § 3 (Comp. St. § 4289¼b), without compliance with requirements relating to port of entry and inspection, or with Quota Act, held not abuse of discretion.

5. Aliens ⟂54(1)—Aliens making actual entry without permission or inspection at other than part of entry held not entitled to equitable relief against deportation (Immigration Act Feb. 5, 1917, § 3 [Comp. St. § 4289¼b]).

Aliens, who made an actual entry at place other than port of entry without permission or inspection and in violation of statute, held not entitled to equitable relief, under Immigration Act Feb. 5, 1917, § 3 (Comp. St. § 4289¼b), as aliens returning after a temporary absence to an unrelinquished domicile of seven consecutive years.

6. Aliens ⟂54(1)—Aliens' complaint of refusal of hearing and of forfeiture of bonds held unavailing in equity, in view of facts.

Aliens' complaint that they had been refused a hearing by the Secretary of Labor and that their bonds had been forfeited held unavailing in equity, in view of pleaded facts concerning manner of their entry.

Appeal from the Supreme Court of the District of Columbia.

Suit by Francesco Lidonnici and others against James J. Davis, Secretary of Labor, and another. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

R. H. McNeill and J. W. Maher, both of Washington, D. C., for appellants.

Peyton Gordon, L. A. Rover, and Albert E. Reitzel, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellants were plaintiffs below. The suit was brought to restrain the Secretary of Labor and the Commissioner of Immigration of the United States from deporting the plaintiffs from this country upon an alleged finding that plaintiffs were aliens who had entered the country without right and in violation of the immigration statutes. The lower court upon motion dismissed plaintiffs' amended bill for want of merit, and this appeal was taken from that decree.

[1] In the amended bill the plaintiffs allege that complainant Lidonnici is a resident of, and is domiciled in, the city of Pittsburgh, Pa.; that in the year 1906 he immigrated to the United States, where he resided and was employed continuously until the year of 1920, at which time he took his wife and family for a visit to Italy, his native country, with the intention of returning to the United States within a period of six months after leaving this country; that, arriving in Italy, he found such extensive unemployment that all laboring people were in great want, among others, his parents were suffering in the last

stages of poverty, whereby complainant was compelled to contribute at once for their support all of the funds he possessed, and which he had relied upon to defray the expenses of himself and family on their return to the United States; that being thus deprived of funds he was unable to return within the time he had allowed himself, and was compelled to find employment in Italy to secure means for his return; that from the moment when he arrived in Italy until the time when he left to return to this country he had no intention of relinquishing his residence in the United States, which he always regarded as his legal residence and permanent domicile; that prior to his departure for Italy he registered in the military service of the United States, and stood ready and willing at all times to serve in the United States army; that he was employed in the metal trade while in this country from 1906 to 1920, which was a necessary war industry; that he was married in the United States, having four children as the issue of the marriage, all of whom were born in this country.

Following these statements the amended bill proceeds with allegations of similar import in relation to complainants Desiderio, Candioti, and Finaro. The complainants furthermore allege that in April, 1923, they were in possession for the first time since their arrival in Italy of sufficient funds for their return passage to the United States, and they decided to return, as had always been their intention, in order to resume their residence in this country; but upon making inquiry they found the fare to New York very high, and the fare to Cuba much more reasonable, and they then decided as a temporary matter to sail for Cuba, being informed that work was plentiful there, and that they could thus obtain the necessary funds to continue their journey to the United States; that upon arriving in Cuba they found it impossible to secure employment, but were informed that work could be found in Mexico, and they were persuaded to go to that country, it being their intention all the time to earn the necessary funds with which to reach the United States; that they found labor conditions worse in Mexico than in Cuba, and were so terrorized by the lawlessness prevailing there that they determined they must at all costs leave Mexico; that they accordingly negotiated with one whom they believed to be a bona fide carrier of passengers for hire to carry them to New Laredo, Tex.; that the carrier then proceeded to take them across the Rio Grande river into the United States; that while they were within this country, on

they way to New Laredo, they were arrested by immigration officials without warrant, and were arraigned before an immigration inspector for a hearing; that they were denied the right to be represented by counsel at the hearing, and were compelled themselves to explain the foregoing facts and circumstances to the officer, but that following the hearing they were held and detained by the immigration officers at New Laredo; that the government seeks to deport them upon a verdict alleged to have been reached at said hearing, which hearing complainants say was never held in fact; that complainants then gave bonds in the sum of $1,000 each and were released; that they are advised that their bonds have since been declared forfeited, and the penalties collected by the government.

The complainants charge in the amended bill that the defendants, as Secretary of Labor and Immigration Commissioner, respectively, without giving complainants an opportunity to be heard, have issued an order to deport plaintiffs, and are threatening and intending to cause complainants to be deported, from the United States to Italy, thereby disregarding complainants' right to return to this country, which is their legal and unrelinquished domicile; that complainants have never been given a hearing or opportunity with the assistance of counsel to show the foregoing facts to the Department of Labor, but nevertheless the defendants insist upon having them immediately surrender themselves for deportation, without giving them an opportunity to make proof of the facts stated; and furthermore that defendants intend to cause the arrest and detention of complainants upon the wrongful and unfounded charge that they were smuggled into the United States in violation of law. Wherefore complainants pray that the defendants be restrained and enjoined from taking any action or passing any order for their arrest, or from covering said penalty of $4,000 into the Treasury of the United States, and be directed to return the same to complainants; that a decree be passed directing defendants to permit complainants to remain in the United States free from any charge or complaints by defendants; that the domicile of complainants be adjudicated, and their rights to hold the same as an unrelinquished place of residence be decreed.

[2] We pass the question whether the plaintiffs' remedy should be sought at law instead of in equity, for we are convinced that the allegations contained in the amended bill show no right whatever to any relief. The

plaintiffs were not native-born or naturalized citizens of the United States; therefore, when they returned to this country after their absence in Italy, they came as "aliens" under the immigration statutes. Lapina v. Williams, 232 U. S. 78, 34 S. Ct. 196, 58 L. Ed. 515; section 1, Immigration Act of February 5, 1917, 39 Stat. 874 (Comp. St. § 4289¼a); section 1, Quota Act of May 19, 1921, 42 Stat. 5 (Comp. St. § 4289½). Consequently the re-entry of the plaintiffs into the United States was unlawful, unless made in conformity with the immigration statutes of this country.

The plaintiffs' amended bill, however, fails to aver conformity with the requirements of the statutes in various particulars. It fails to show compliance with the following provisions of section 19 of the Act of February 5, 1917 (Comp. St. § 4289¼jj), prohibiting the entry of aliens at any place other than one designated as a port of entry, to wit: "* * * At any time within three years after entry, any alien who shall have entered the United States * * * by land at any place other than one designated as a port of entry for aliens by the Commissioner General of Immigration, or at any time not designated by immigration officials * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. * * *"

The amended bill likewise fails to show conformity with the requirements for inspection at the time of entry, according to the provision of section 19, supra, that "at any time within three years after entry any alien, * * * who enters without inspection, shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." Ex parte Callow (D. C.) 240 F. 212.

The amended bill furthermore fails to allege that the admissible quota of immigration allotted to Italy for the year in which they entered the United States was not exhausted at the time of their entry. Section 2 of the Quota Act of May 19, 1921, as amended by Joint Resolution of May 11, 1922, § 2 (42 Stat. 5, 540 [Comp. St. § 4289½a]), provides for the restriction of the number of aliens of any nationality admissible in any fiscal year as immigrants into the United States to 3 per centum of the number of foreign-born persons of such nationality resident in this country as determined by the United States census of 1910. The same act provides that, when this maximum is reached in any fiscal year, no further admissions shall be permitted: Provided, however, that aliens returning from a temporary visit abroad, may, if otherwise admissible, be admitted notwithstanding that the maximum number of aliens of the same nationality admissible in that month or fiscal year may have already entered the United States. It is provided by section 3 of the same act (Comp. St. § 4289½b), that the Commissioner General of Immigration, with the approval of the Secretary of Labor, shall prescribe rules and regulations necessary to carry those provisions into effect.

[3] At the time in question the regulations thus authorized provided that "temporary absence" should be construed to mean "an absence in any foreign country (without relinquishment of domicile) not exceeding six months in duration." In our opinion this rule is not unreasonable in its application to the circumstances of this case. Hee Fuk Yuen v. White (C. C. A.) 273 F. 10; United States ex rel. Randazzo v. Tod (C. C. A.) 297 F. 215. The record discloses that Lidonnici was absent in Italy for about three years before his return to the United States; Desiderio, about three years; Condioti, about nine years; and Finaro, about eight years. Accordingly the periods of absence of the plaintiffs were not "temporary" under the statute and the regulations, and they were not exempted from the quota restrictions.

[4] The appellants rest their claim in large part upon the provision in section 3 of the Immigration Act of February 5, 1917 (Comp. St. § 4289¼b), that "aliens returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years may be admitted in the discretion of the Secretary of Labor, and under such conditions as he may prescribe." They claim that under this provision the requirements above set out relating to entry at a designated port of entry, also to inspection and to the Quota Act, are inapplicable to this case, since in fact plaintiffs were "aliens returning after a temporary absence to an unrelinquished domicile of seven consecutive years." They claim, therefore, that it was the duty of the Secretary of Labor to admit them under this provision without regard to the restrictions upon aliens of other classes.

[5, 6] This contention cannot be sustained. The admission of aliens under this provision is expressly left to the discretion of the Secretary of Labor, and no abuse of that discretion appears in this case. Angelus v. Sullivan (C. C. A.) 246 F. 54, 64. It is provided by section 19, supra, that the decision of the Secretary in such a case shall be final. This provision in the absence of abuse of discretion is binding. Low Wah Suey v.

Backus, Commissioner, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165. No such abuse appears in this case. Moreover the plaintiffs do not show an equitable right to question the Secretary's exercise of discretion in this matter, since they did not apply to him for permission to enter this country under that provision of the law, but made an actual entry without permission into the country, without inspection and in violation of the statutory requirements aforesaid. Singh v. United States (C. C. A.) 243 F. 559. The complaint of plaintiffs that they have been refused a hearing by the Secretary, and also that relating to the forfeiture of their bonds, are likewise unavailing in equity in view of the pleaded facts.

The decree of the lower court is therefore affirmed, with costs.