## GRANT v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

Circuit Court of Appeals, Second Circuit.
March 5, 1928.

No. 41.

1. Admiralty ⬤⇒123—Law providing that federal court should be open to seamen without bonds or prepayment of costs held entitled to liberal construction (Appropriation Bill 1918, § 1 [28 USCA § 837]).

Appropriation Bill 1918, § 1, 40 Stat. 683 (28 USCA § 837), providing that federal court should be open to seamen without furnishing bonds or prepayment of or making deposit to secure fees or costs, for purpose of entering and prosecuting suits for wages or salvage, and to enforce laws made for their health and safety, *held,* entitled to a liberal construction.

2. Admiralty ⬤⇒123—Seamen's suit for personal injuries held within law providing for prosecution of suits in federal court without bond or prepayment of costs (Jones Act, § 33 [46 USCA § 688]; Appropriation Bill 1918, § 1 [28 USCA § 837]).

Seaman's suit for personal injuries under Jones Act, § 33 (46 USCA § 688; Comp. St. § 8337a), *held,* suit to enforce a law enacted for health and safety of seamen, within Appropriation Bill 1918, § 1, 40 Stat. 683 (28 USCA § 837), authorizing prosecution of such suit in federal courts, without furnishing bonds or prepayment of fees or costs.

3. Admiralty ⬤⇒126—On reversing judgment for defendant in seaman's suit for personal injuries, costs will be taxed and made lien on judgment thereafter entered (Jones Act, § 33 [46 USCA § 688]).

Where judgment in favor of defendant in seaman's action for personal injuries, under Jones Act, § 33 (46 USCA § 688; Comp. St. § 8337a), was reversed and remanded for a new trial, costs though not required to be pre-

paid, will be taxed and made a lien on any judgment thereafter entered.

In Error to the District Court of the United States for the Eastern District of New York.

Suit by George Grant against the United States Shipping Board Emergency Fleet Corporation. Judgment for defendant, and plaintiff brings error. On motion for mandamus to compel the clerk of the Circuit Court of Appeals to issue a mandate without prepayment of fees, after reversal and remand for a new trial. Motion granted.

Silas B. Axtell, of New York City, for the motion.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. The plaintiff in error sued to recover damages for personal injuries sustained while on board the defendant in error's ship. The complaint was based upon a claim of negligence. It invokes support for his right to recover under the provisions of section 33 of the Jones Act (46 USCA § 688; U. S. Comp. St. 1923, § 8337a). On writ of error to this court, judgment in favor of the defendant in error was reversed, and the case was remanded for a new trial. 22 F.(2d) 488. The Appropriation Bill of 1918 (40 Stat. 683 [28 USCA §' 837]) provides:

"That courts of the United States, including appellate courts, hereafter shall be open to seamen, without furnishing bonds or prepayment of or making deposit to secure fees or costs, for the purpose of entering and prosecuting suit or suits in their own name and for their own benefit for wages or salvage and to enforce laws made for their health and safety."

The government desires a ruling on this statute as to its application to seamen in this class of cases, and raises the question because of the word "prepayment," claiming that seamen are not relieved wholly from the payment of fees, but must pay the fees incident to the suit after decision in this court. [1, 2] This action is neither for wages nor salvage, but the claim, in support of the motion, is that it enforces laws made for the health and safety of seamen. In The Bennington (D. C.) 10 F.(2d) 799, the court disallowed the claim of a seaman, which is based solely upon the plea of negligence in failing to provide the seaman with a reasonably safe place to work. It expressed doubts as to the applicability of the statute here considered to libels to recover damages for injuries under section 33 of the Jones Act.

The court pointed out that, depending upon the particular case, that section may or may not be of a nature to enforce laws made for the health and safety of seamen, and said that literally it could not be an action to enforce such law directly. It might, however, said the court, be an action indirectly to recover because of the violation of a law for the health and safety of seamen. Giving it a liberal construction, which the section should receive, a violation of the Jones Act and a suit based thereon would undoubtedly be to enforce a law enacted for the health and safety of seamen.

In The Bennington, supra, the court indicated that the charges of negligence amounted to no more than a failure to exercise reasonable and ordinary care in providing a safe place to work. It drew a distinction between statutes which enlarged the right to recover and an action predicated upon an allegation of negligence and those statutes which require certain safety appliances and provide a right of action for injury arising out of failure to comply with these acts. We think this construction narrow, and not in accord with the liberality Congress intended toward seamen.

Section 20 of the Seamen's Act (Comp. St. § 8337a [46 USCA § 688]) reads: "That in any suit to recover damages for any injury sustained on board vessel or in its service seamen having command shall not be held to be fellow-servants with those under their authority."

In Chelentis v. Luckenbach S. S. Co., Inc., 247 U. S. 372, 38 S. Ct. 501, 62 L. Ed. 1171, this section was held not to create a new cause of action, but undoubtedly it was none the less designed to promote safety of seamen within the meaning of the section. The fees here in question are certain docket fees allowed to the successful litigant in this court. The Jones Act is an additional remedy to the Seamen's Act, and undoubtedly was intended to be consistent with the spirit of that legislation, which was directed to promote the welfare of American seamen in the merchantships of the United States. In line with this intention, it is apparent that, in an action invoking the aid of the Jones Act, which was intended for the welfare of American seamen, the courts of the United States, both trial and appellate, should be open without prepayment of costs to seamen. The plaintiff in error sought damages by the aid of this act, which changed the rule as to the law of fellow servant and assumption of risk. It was the law passed for the welfare and safety of seamen.

[3] However, the costs which the plaintiff in error is entitled to will be taxed, and the clerk will have a lien for the amount of these costs upon any judgment he may recover, which lien will be provided for in the mandate of this court in the action. By such procedure, the clerk·may be paid the costs which are taxable, and when thus due. In the event that the seaman is unsuccessful, the judgment entered against him will include the costs, and the government can collect them by execution on a judgment.

The application for mandamus is granted.