# THE BURNS BROS. NO. 31.

District Court, E. D. New York. October 11, 1928.

No. 11114.

Lavenburg & Lavenburg, of New York City, for libelant.

Alexander & Ash, of New York City, for claimant-respondent.

CAMPBELL, District Judge. The libelant was the master of the tug having the scow Burns Bros. No. 31 in tow, and on landing the scow went aboard her to inspect the damage, if any, that she had received, from collision with another vessel, while in tow of the tug. While going down into the hold of the scow to inspect, for the purpose of ascertaining the damage, if any, she had received, libelant alleges that he received the injuries complained of, by the breaking of a ladder on the scow.

He has brought a suit in admiralty to recover indemnity for such injuries, but has not given a stipulation for costs, claiming that he is not required so to do because of title 28, section 837, U. S. Code (28 USCA § 837), which reads as follows:

"837. *Suits by seamen without prepayment of or bond for costs.* Courts of the United States, including appellate courts, hereafter shall be open to seamen, without furnishing bonds or prepayment of or making deposit to secure fees or costs, for the purpose of entering and prosecuting suit or suits in their own name and for their own benefit for wages or salvage and to enforce laws made for their health and safety."

A master is a seaman, as described in that section. The Balsa (C. C. A.) 10 F.(2d) 408.

The section in question applies to an action of a seaman for personal injuries. Grant v. United States Shipping Board Emergency F. Corp. (C. C. A.) 24 F.(2d) 813.

If libelant had merely been a visitor, it might well be contended that the section in question would have no application; but, while it is true that he was not a seaman on the scow Burns Bros. No. 31, he was the master of the tug which had her in tow, and it seems to me that, construing this statute liberally for the purpose of accomplishing its object, he was employed in the business of the scow when he boarded her to find her condition before leaving her after landing, and comes within the purview of the statute.

The Bennington (D. C.) 10 F.(2d) 799, cited by the respondent, does not furnish authority for the granting of this motion.

Motion denied.