**UNITED STATES ex rel. THOMAS v. DAY, Commissioner of Immigration.**

Circuit Court of Appeals, Second Circuit. December 3, 1928.

No. 182.

James C. Thomas, of New York City, for appellants.

Charles H. Tuttle, U. S. Atty., of New York City (Walter H. Schulman, Asst. U. S. Atty., of New York City, of counsel), for Commissioner of Immigration.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The appellants, John Soas and his wife, Mary, arrived at the port of New York on October 11, 1928, from Jamaica, West Indies, with a nonquota immigration visa. Section 4(b) Immigration Act of 1924 (8 USCA § 204). They came originally in 1924, arriving at the port of Boston, Mass. After staying seven or eight months "visiting their children," they went back to their home in Jamaica, where they were real property owners. They came to the United States to attend their daughter's wedding in June, 1926, on a British passport issued at Jamaica on May 28, 1926, bearing the notation, "Visa granted as nonimmigrant under section 3(2) of the Act of 1924 (8 USCA § 203(2), temporary visitors, for pleasure," but went back to Jamaica to sell their real estate, intending to return to the United States for permanent residence and to be with their children. While here in 1926, they bought bedroom furniture and used it for their own purposes, leaving it with a daughter when they returned to Jamaica. The husband was not employed while here. They did not sell their property in Jamaica before arriving in October, 1928.

They claimed admission as nonquota immigrants on the basis that they were previously lawfully admitted and were this time returning from a temporary visit abroad. Section 4(b), 43 Stat. 155, U. S. Code, title 8 (8 USCA) chapter 6, § 204, subd. (b). The court below dismissed the writ of habeas corpus, sustaining the Board of Special Inquiry, because appellants failed to satisfactorily establish that they had a domicile in the United States when they left in 1924. When they came in 1926 under a visa "as temporary visitors, for pleasure," they declared an intention which they may not now contradict. By acceptance and use of this visa, they determined their status. They were recorded in the manifest as coming to the United States for one year. In 1924, they were not immigrants, and when they came in 1926, as temporary visitors, their representation was contrary to their present claim that the United States was their domicile. After a year's stay, they went back to Jamaica, but not as temporary visitors there, as the board found.

With the burden resting on the appellants by virtue of section 23 of the Immigration Act of 1924 (8 USCA § 221), they have failed to establish that they are entitled to admission as returning from a temporary visit abroad. They were absent, since 1924, one year and three months before they came in June, 1926, and again one year and five months after leaving in 1927 and before they arrived on October 11, 1928. This was beyond the six months period of absence referred to by the departmental rule. U. S. ex rel. Devenuto v. Curran (C. C. A.) 299 F. 206; MacKusick ex rel. Pattavina v. Johnson (C. C. A.) 3 F.(2d) 398; U. S. ex rel. Lesto v. Day (C. C. A.) 21 F.(2d) 307. Under these facts, the appellants have not established a domicile within the United States, for they had no true fixed and permanent home or principal establishment to which they had an intention of returning whenever absent. No person is without a domicile, and he can have but one at a time. U. S. ex rel. Devenuto v. Curran, supra. The record justified the Board of Inquiry, and

sustains the District Court, in its finding against the appellants.

Nor may the fact that there was issued to the appellants a nonquota immigrant's visa, by the vice consul in 1928, change their status. This action was induced by reason of an affidavit presented to him, made by the appellants' daughter, and stated that the applicants were domiciled in the United States. The facts disclosed that the one domicile they did have was not in the United States. U. S. v. Tod (C. C. A.) 297 F. 214. After a full investigation, where no error of law or a manifest abuse of discretion is displayed, the courts will not disturb the action of the immigration officials. U. S. ex rel. Markin v. Curran (C. C. A.) 9 F.(2d) 900; Low Wah Suey v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165.

The appellants have been released on bail by a judge of this court during the pendency of this appeal. A motion was heard with this appeal for a vacation of this order of release. The appellants were inadvertently admitted to bail. By paragraph 42 of the Revised Rules of the United States Supreme Court, July 1, 1925 (266 U. S. 685), and rule 30 of this court, adopted October 17, 1925, the custody of a prisoner who has sued out a writ of habeas corpus which has not been sustained may not be disturbed, nor may he be enlarged upon a recognizance assuring his appearance, unless such release be granted by the court or judge rendering the decision and who makes the order. A judge of the Circuit Court of Appeals is not granted the authority under the rules, either of the Supreme Court or of this court, to grant bail to an alien pending appeal where his writ of habeas corpus has been discharged.

The motion to vacate the bail is granted, and the order appealed from is affirmed.