port in the evidence, and it seems a harsh result of the operation that the dredge should have to rebate its contract price by $1,200 and in addition bear its own damage of $1,000.

I cannot escape the conclusion, however, that whether the contract made libelant absolutely liable for damage done to the ship or not, there was here such negligence in not making provision against the drifting down as that the libelant must be held plainly at fault for having placed its dredge in such position that it would suffer a collision, without making adequate provision against it. The only difficulty I have had arises out of the question whether, though there was unskillful handling of the ship but for which the injury would not have occurred, the evidence is sufficient to establish that there was a real emergency caused by the unexpected moving of the vessel under circumstances in which those in charge of the ship did perhaps the best that could be done.

I have reached the conclusion that the proper disposition of this case would be to find that the damage done to the ship and to the dredge was the result of the contributing negligence of both, and that libelant should therefore have a decree for the $7,000 due on the contract less such sum, if any, as may be found to be due after ascertainment and division of the damage to the ship and to the dredge.

### THE ALOHA.
### In re LANGNESS.
#### No. 12189.

District Court, W. D. Washington, N. D.
June 18, 1930.

Bronson, Jones & Bronson, of Seattle, Wash., for petitioner.

Samuel B. Bassett and Winter S. Martin, both of Seattle, Wash., for claimant.

NETERER, District Judge.

The claimant as a citizen seeks a review in the Circuit Court of Appeals of an order of this court denying his right of recovery, or failure to find his employer, owner of the Aloha, at fault for injury to the claimant [see 32 F.(2d) 284], and files a petition under oath to be permitted to appeal as a poor person. The claimant asserts this right as a seaman and also as a citizen.

The Court of Appeals of the Second Circuit in Grant v. United States Shipping Board Emergency Fleet Corp., 24 F.(2d) 812, 1928 A. M. C. 629, held, under section 33 of the Merchant Marine Act of 1920 (46 USCA § 688), a seaman may prosecute in both the nisi prius and the appellate court; while in The Bennington, 10 F.(2d) 799, 1926 A. M. C. 17, the District Court for the Northern District of Ohio held that section 33, supra, is not available on appeal. Section 832, title 28 USCA, however, is available to a poor person, and he may prosecute his appeal without the payment of costs or security therefor.

The petition is granted.

### UNITED STATES ex rel. CIZURA v. DAY, Commissioner of Immigration.

District Court, S. D. New York.
Dec. 10, 1929.

Ernest Lappano, Asst. U. S. Atty., of New York City, for respondent.

BONDY, District Judge.

The record discloses that the relator was lawfully admitted to the United States in 1907. He remained here until April 15, 1921, when he, with his wife and his four children,

who were born in the United States, went to visit a relative in Poland. On his way there he was detained three years in Russia. He landed in Halifax April 14, 1926. On September, 17, 1926, he was smuggled into the United States in a row boat, and paid the smugglers $65. He subsequently rendered services which resulted in the conviction of the smugglers and he resisted their attempts to bribe him not to testify against them.

On October 27, a warrant of deportation was issued on the ground that he was not at the time of his entry into the United States, on September 17, 1926, in possession of an unexpired immigration visa and that he had been found in the United States in violation of the Immigration Act of 1917, and that he entered the United States without inspection.

The relator being an alien and having entered the United States at a time and place other than designated by immigration authorities and having entered without inspection must be deported, whether or not he was returning to an unrelinquished domicile previously lawfully acquired in the United States, Immigration Act of 1917, 8 USCA § 155. Lidonnici v. Davis, 57 App. D. C. 36, 16 F.(2d) 532, certiorari denied 274 U. S. 744, 47 S. Ct. 591, 71 L. Ed. 1325; Ex parte Saadi (C. C. A.) 26 F.(2d) 458.

The writ accordingly is dismissed.