## FOSTER v. UNITED STATES et al.

### WATTS v. SAME.

#### Nos. 318, 319.

District Court, E. D. Louisiana, New Orleans Division.

July 11, 1930.

Joseph M. Rault (of Terriberry, Young, Rault & Carroll), and Walker B. Spencer, Jr., Asst. U. S. Atty., both of New Orleans, La., for respondents and plaintiffs in rule.

Harry F. Stiles, Jr. (of Montgomery & Montgomery), of New Orleans, La., for libelants and defendants in rule.

W. J. Waguespack, of New Orleans, La., amicus curiæ.

DAWKINS, District Judge.

In both of the above cases defendants have filed motions to compel the plaintiff to furnish security for costs. The suits are by the administrators of deceased seamen to recover under the Suits in Admiralty Act (46 USCA §§ 741–752), instituted for the alleged negligent death of their husbands.

Plaintiffs contend that as the personal representatives or administrators of the deceased seamen, they are entitled to the benefits of section 837, title 28, of the United States Code (28 USCA § 837), which provides:

"Suits by seamen without prepayment of or bond for costs. Courts of the United States, including appellate courts, hereafter shall be open to seamen, without furnishing bonds or prepayment of or making deposit to secure fees or costs, for the purpose of entering and prosecuting suit or suits in their own name and for their own benefit for wages or salvage and to enforce laws made for their health and safety."

It will be noted that this section accords to seamen the right to prosecute, without previous payment or giving security for costs, all "suits in their own name and for their own benefit for wages or salvage and to enforce laws made for their health and safe-

ty." Nothing is said about actions by their heirs or personal representatives for damages for the death of seamen. It is true that as held in Grant v. U. S. Shipping Board Emergency Fleet Corporation (C. C. A.) 24 F.(2d) 812, laws for the protection of the rights of seamen should be liberally construed for the reason they are intended to encourage those who would engage in such service. However, this is not a case by a seaman, but by his personal representative or administrator, for the benefit of his estate, which may inure to his creditors or heirs, as the case may be. I do not see how it can be stretched to apply to cases of this kind without indulging in "judicial legislation." If the plaintiffs are really financially unable to give security for costs, they may proceed under section 832, which permits poor persons, upon making the necessary affidavit, to prosecute suits without security or prepayment of costs. For the reasons assigned, the motion to give security for costs will be sustained.