## POPA v. ZURBRICK, District Director of Immigration.

### No. 5691.

Circuit Court of Appeals, Sixth Circuit.

Dec. 8, 1930.

Paul B. Mayrand, of Detroit, Mich., for appellant.

S. J. Carey, of Detroit, Mich. (John R. Watkins and Stephen J. Carey, both of Detroit, Mich., on the brief), for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

PER CURIAM.

Appellant, a subject of Roumania, was admitted to the United States, February 26, 1927, as an alien student entering for the sole purpose of study. 8 USCA § 204(e). In November of 1928 he was arrested on a warrant which charged (1) that he had entered by means of false and misleading statements, thereby entering without inspection; and (2) that he was a person likely to become a public charge at the time of his entry. At the hearing thereon before an inspector of the Department of Labor, the further charge was made that he had not maintained his student status. In October of 1929 the Board of Review found that the evidence sustained all the charges, and recommended deportation upon the ground that the entry was obtained by false and misleading statements. On November 13, 1929, a warrant of deportation was issued based upon that ground, and thereupon appellant filed this habeas corpus proceeding, which was dismissed by the court below.

The Bureau of Immigration's record in the case has been filed in this court. That record, with the printed record, shows a finding by the Secretary of Labor that the passport visé was procured by false and fraudulent representations. This finding appears in the warrant itself, and, if true, justifies the order of deportation. United States v. Day (C. C. A.) 29 F.(2d) 485. The statements which were found to be false appear in an affidavit which appellant filed with his application for the visé. This affidavit stated that appellant was seeking to enter as a nonquota student only, that it was his purpose

to study for the ministry at Broadway College, La Grange, Ill., and that he expected to return to his own country and practice his profession at the expiration of three years. The proofs show that appellant went to La Grange, Ill., shortly after his entry, but did not enter the school because, as he claimed, he had no money and could not get work, and, further, that since that time he has worked regularly and has accumulated more than $1,000 in cash, but has made no attempt to enter any accredited school. He stated at the hearing that some one, whom he designated "an agent," arranged to get his visé as a student for $50, and informed him that it would not be necessary for him to go to school after his entry into this country. It also appears that before coming to this country he had made no arrangements to enter Broadway College and did not know whether it was a school of learning recognized by the Department of Labor. These facts clearly indicate that the statements which he made in his affidavit were false. Certainly there was no showing of unfairness or abuse of discretion by the immigration officials, and in that situation we are not authorized to interfere with the carrying out of the order of deportation. Low Wah Suey v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165.

■ While appellant came to this country directly from Canada, the proofs show that he left Roumania with the intention of entering the United States. It is doubtful under the evidence that he ever obtained a domicile in Canada. Whether so or not, the record discloses that the Canadian government has refused to permit him to be returned to that country. Roumania is obviously, therefore, the country to which he should be deported. 8 USCA § 156.

The order of the District Court is affirmed.