**McCANDLESS, Commissioner of Immigration, v. UNITED STATES ex rel. MURPHY.**

No. 4510.

Circuit Court of Appeals, Third Circuit.

March 26, 1931.

Paul Freeman, Asst. U. S. Atty., of Philadelphia, Pa., for appellant.

Adrian Bonnelly, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

BUFFINGTON, Circuit Judge.

In this case it appears by her own present and former frank and voluntary statement, that Maggie Agnes Murphy, an immigrant, entered the United States by wrongfully obtaining papers, quota status, etc., in the name of her sister. In view thereof, there can be no doubt that she subjected herself to deportation. The contention made that she was taken to the immigration station without previous arrest and there questioned in no way affects her status as subject to deportation as one unlawfully entering the country. See Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 57, 68 L. Ed. 221, where it was held:

"Irregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law. 'A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.' "

It is therefore clear that on the habeas corpus proceeding in the court below her petition for discharge should have been denied and she remanded to the charge of the immigration authorities. So holding, the record will be remanded, with directions to the court below to dismiss her petition and to remand her to the charge of the immigration officer.