## HEIZABURO HIROSE v. BERKSHIRE.
### No. 7419.

Circuit Court of Appeals, Ninth Circuit.

Oct. 22, 1934.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Ernest R. Utley, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Heizaburo Hirose, appellant, a native and subject of Japan, entered the United States July 6, 1932, having first obtained from the American consul in Japan a nonquota immigration visa allowing him to enter the United States as a minister of a religious denomination. He was so admitted pursuant to the provisions of section 4 (d) of the Immigration Act of 1924, as amended (8 USCA § 204 (d), at San Francisco, on the above-mentioned date. On December 20, 1932 he was arrested under a warrant of deportation charging him with being in the United States in violation of the Immigration Act of 1924, as amended, for the reason "That the immigration visa which he presented was not valid because procured by fraud or misrepresentation." After a hearing, a warrant for the deportation of appellant upon that charge was issued. He filed a petition for writ of habeas corpus which was issued and served, but after hearing the court made its order discharging the writ and remanding appellant to the custody of the Immigration Service for deportation. This appeal is from that order.

It appears from the record that appellant had made a previous entry into the United States. He arrived and was admitted at San Pedro, Cal., on October 15, 1929, as a salesman, for a temporary period of six months, but in fact remained until July 16, 1930, having applied for an extension of his temporary stay.

At the hearing before the Immigration Inspector in San Pedro on October 15, 1929 at the time of his first arrival, appellant stated that he had served in the Japanese army

from January, 1927, to December, 1928; that before he went into the army he was a fish salesman and worked for five years for C. Ogawa and after leaving the army he worked for two years in the same capacity for the same firm. In the matter of the above-mentioned application for an "extension of temporary stay," a hearing was had on March 22, 1930, at which time the petitioner stated he wanted the extension for the purpose of "peddling dry fish"; that he was not working for anybody and did not receive a salary from any one. It was also reported at this hearing that an immigration inspector had seen appellant on December 18, 1929, working in a rice field as a laborer; appellant's explanation being "they were busy so I went there to help." This application was supported by the affidavit of appellant in which he stated he "has been a salesman and was employed for the last five years by C. Ogawa, proprietor of seafood production wholesale store"; that he "receives compensations for sample goods and he has no intention to work or to earn living while he stays in the United States." After this hearing in which it appeared that appellant had accomplished very little on the mission which he claimed brought him to the United States, and further that he was working as a day laborer, it was recommended by the inspectors investigating the case to the Inspector in Charge, that appellant be denied further permission to remain in the United States, and on April 8, 1930, the Department of Labor denied a further extension of time to the alien, who departed for Japan on July 16, 1930.

Appellant obtained a Japanese passport, visaed by the American consul in Japan, to return to the United States as a priest on July 6, 1932, and after hearing by a Board of Special Inquiry in the United States was admitted to the United States as a priest in San Francisco.

On November 7, 1932 at a hearing before an Immigration Inspector as to the appellant's right to remain in the United States, appellant stated he had been a priest almost three years; in response to a question as to what training he had had he replied, "Took six months lessons in school and prior to that have to stay in the church for six months and learn something about Tenrikyo Religion." As he claims to have been ordained in July, 1929, this training would cover the period of July, 1928, to July, 1929, and would thereby overlap the period he claims to have been in the army (January, 1927, to December, 1928), and also be included entirely within the time that, in his application for extension of temporary stay in March, 1930, he claimed to have been a salesman of dried fish.

It will be observed from the above that appellant could not possibly have done all the things he claims to have done at the times he claims to have done them, and it is apparent that fraud must have been committed in his securing the passport under which he last entered the United States. Appellant alleges that the Immigration Service is seeking to overrule the action of the American consul in the granting of the visa and cites several cases, among them Silva v. Tillinghast, 36 F.(2d) 801, by the District Court of the United States for Massachusetts. This decision does not deal with visas procured by fraud nor with the right to deport an alien.

The appellant was ordered deported under the authority of Congress (8 USCA § 214) because at the time of entry he was not entitled to enter. The immigration authorities decided he had not been engaged continuously for two years immediately prior to his application for admission to the United States carrying on the vocation of minister of any religious denomination. This was a prerequisite of his right to enter. 8 USCA §§ 204 (d), 213 (a) (4). The conclusion of the immigration authorities that his visa was procured by fraud is supported by substantial evidence and cannot be disturbed by the courts. Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938.

Order affirmed.