**MISUYE KOBAYASHI v. CARMICHAEL, District Director, Immigration and Naturalization Service.**

No. 9764.

Circuit Court of Appeals, Ninth Circuit.

June 6, 1941.

Theodore E. Bowen, of Los Angeles, Cal., for appellant.

Wm. Fleet Palmer, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant, a Japanese alien, was ordered deported. She petitioned for a writ of habeas corpus, and from the dismissal of the writ she appeals.

In October, 1926, in Japan, appellant married Tomekichi Kobayashi, a native-born citizen of the United States. Later she obtained a Japanese passport visaed by an American consular officer permitting her to apply for admission to the United States as a visitor; and in December of 1926 she sought to enter at the port of San Francisco on the strength of this visa. She was denied entry as a visitor but was permitted to enter in transit to Mexico under bond. She went to Mexico and thereafter, on March 2, 1927, applied at San Ysidro, California, for admission, presenting her passport visa to the immigration officers there. Her application was denied by a board of special inquiry on a finding that the applicant was not a bona fide non-immigrant as defined in the exceptions specified in section 3 of the Immigration Act of 1924, 43 Stat. 153, 8 U. S.C.A. § 203.[1] In other words, the board determined on the showing made that she was not a good faith visitor, and that she was an immigrant not in possession of the visa required of immigrants by the 1924 Act.

A few days after her exclusion, with the connivance of her husband, appellant surreptitiously gained entry into the United States and has since continuously resided here. She was taken into custody at Los Angeles in June, 1939, under a warrant of the Secretary of Labor charging that she was in the United States in violation of the Immigration Act of 1924, in that she is an alien ineligible to citizenship and not exempted by paragraph (c), section 13 of the 1924 Act, 8 U.S.C.A. § 213(c). After hearing and review within the Department she was ordered deported on the ground charged in the warrant and on the further ground

[1] "When used in this subchapter the term 'immigrant' means any alien departing from any place outside the United States destined for the United States, except (1) a government official, his family, attendants, servants, and employees, (2) an alien visiting the United States temporarily as a tourist or temporarily for business or pleasure, * * *".

that at the time of her entry she was not in possession of an unexpired immigration visa.[2]

Appellant contends that she can not now be deported because her deportation is barred by section 19 of the Act of February 5, 1917, 8 U.S.C.A. § 155. She further complains, somewhat vaguely, of unfair treatment by the immigration service.

We see no merit in either contention. The limitation prescribed by the 1917 Act has no relevancy. Section 14 of the 1924 Act, 8 U.S.C.A. § 214, so far as pertinent, provides: "Any alien who at any time after entering the United States is found to have been at the time of entry not entitled under this act [subchapter] to enter the United States, * * * shall be taken into custody and deported in the same manner as provided for in sections 19 [155] and 20 [156] of the Immigration Act of 1917 [this title]. * * *" There is no period of limitation upon the deportation of aliens who enter this country in violation of the 1924 Act. United States ex rel. Fink v. Reimer, 2 Cir., 96 F.2d 217; Kishan Singh v. Carr, 9 Cir., 88 F.2d 672.

Subsequent events confirmed the finding made by the board in 1927 that appellant was not then in good faith seeking entry as a temporary visitor. The deportation proceedings later conducted conformed to the regulations prescribed by the Secretary of Labor in such cases. Appellant was accorded a fair hearing, and if, as she claims, her deportation at this late date is a harsh corrective nevertheless hardship is not a matter for the courts to consider.

Affirmed.

---

[2] "Sec. 13 [§ 213.] (a) No immigrant shall be admitted to the United States unless he (1) has an unexpired immigration visa. * * *

"(c) No alien ineligible to citizenship shall be admitted to the United States unless such alien (1) is admissible as a nonquota immigrant under the provisions of subdivision (b), (d), or (e) of section 4 [204 of this title] * * *."