**Hugo HERRERA–ROCA, Plaintiff,**

v.

**Bruce G. BARBER, District Director, San Francisco District, Immigration and Naturalization Service, and David H. Carnahan, as Regional Commissioner, Southwest Region, Immigration and Naturalization Service, San Pedro, California, Defendants.**

**No. 35834.**

United States District Court
N. D. California, S. D.
April 12, 1957.

Jackson & Hertogs, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendants.

HARRIS, District Judge.

This is an action brought by a citizen of Bolivia, now living in the United States, against the District Director of Immigration in order to enjoin an order of deportation made by the Immigration authorities under the Immigration and Nationality Act, 8 U.S.C.A. § 1182.[1]

Plaintiff contends that the manner in which he obtained a temporary entry permit from the American Consulate in Tijuana, Mexico, was not subject to the charge of fraud or wilful misrepresentation.

The facts, which require review of plaintiff's history in the United States, are as follows:

On October 28, 1952, plaintiff first entered this country as a student. He voluntarily departed from the United States on October 13, 1955, after having overstayed his legal residence as a stu-dent. During the time he was a student, attending the University of California, he married a United States citizen in Berkeley, California. They are now the parents of a native born child.

When plaintiff left the United States in 1955 he went to Mexico where he remained for a matter of weeks. According to his own testimony before the Immigration authorities his plans were indefinite at this time. While in Mexico he decided to seek re-admission into the United States. Since he was a native of Bolivia he was entitled to non-quota status. 8 U.S.C.A. § 1101(a) (27) (C). His marriage to a United States citizen would enable him to expedite entry on a permanent basis. However, while contemplating his return to the United States, he received information from his brother that it was urgent for him to attend a business hearing in New York. In order to assist his non-English-speaking brother, plaintiff decided to obtain a visitor's visa. This he could win with a minimum of delay.

In Mexico City plaintiff inquired as to the general requirements for a temporary visitor. At the port of San Ysidro he was admitted on November 14, 1955, after obtaining a temporary entry permit from the American Consulate at Tijuana. At the hearing for the temporary permit the record indicates that plaintiff failed to disclose his marital status. In the visa form where the name and address of applicant's destination are listed, the typist wrote the name "Charles Friedman" instead of "Sharon Friedman." The Berkeley address, itself, is correct. Further down on the form the typist checked "Single" for marital status. These two errors constitute the basis for the government's contention that the order of deportation must be sustained.

The Immigration record discloses that the consular officials involved granted the temporary entry permit expeditiously, largely on the strength of plaintiff's

1. "Any alien who seeks to procure, or has sought to procure, or has procured a visa * * * by fraud or by willfully misrepresenting a material fact; * * * shall be excluded from admission into the United States.".

allegation that he intended to go to New York to attend to business for his brother-in-law. Defendants argue that if they had known he was married to a Berkeley girl and intended to remain with his wife, as well as attend to business for his brother-in-law, they might have hesitated to grant such temporary permit.

Plaintiff contends that the alleged misrepresentations pertaining to marital status were the result of a typographical or clerical mistake or misunderstanding on the part of the typist. He had no motive to hide his American wife since her existence would not preclude him from gaining entry into the United States. Actually, he gave her correct address. As a resident of the Western hemisphere he, himself was eligible to gain permanent entry whenever he should seek admission into the United States. Plaintiff points out that the review of the present administrative determination is crucial to his future status in the United States. If he should agree to leave this country at the present time he would be barred from readmission in the future in view of the fact that the deportation is based upon fraud or wilful misrepresentation. Thus, he will be separated from his wife and child unless he has them immigrate to Bolivia.

Plaintiff further contends that, even assuming that the typist did not confuse "Charles" and "Sharon" and that he stated his Berkeley destination to be with "Charles" Friedman, the misrepresentation is immaterial and thus not the subject of deportation on grounds of fraud or wilful misrepresentation of a material fact. 8 U.S.C.A. § 1182(a) (19).

Fraud, to be such, must consist of a false representation of a material fact made with knowledge of its falsity and with intent to deceive the other party. United States v. United States Cartridge Co., D.C., 95 F.Supp. 384, 395. An erroneous statement in itself does not establish fraud in the absence of proof of both knowledge and intent to deceive. Reilly v. Pinkus, 338 U. S. 269, 276, 70 S.Ct. 110, 94 L.Ed. 63.

It may be noted that there would be no purpose in attempting to conceal his marital status since it was irrelevant to the specific situation confronting the consular officials. Cf. United States ex rel. Iorio v. Day, 2 Cir., 34 F.2d 920.

Defendants contend that their representatives might have refused to issue the permit had they known that plaintiff was married to an American citizen. For their authority in support of such contention they cite Landon v. Clarke, 5 Cir., 239 F.2d 631. In the Landon case marital status was considered vital under circumstances quite different from those now before the Court. A Costa Rican married to a British subject in Jamaica and the mother of four children falsely represented herself as single and gave her maiden name in order to obtain a passport. Such misrepresentation was considered material. By using a false name and failing to disclose her marital status she was able to hide adulterous conduct on her part, such conduct establishing that she was not a person of good moral character. The court in the Landon case held that misrepresentation which hid applicant's identity pertained to a material fact and thus was a basis for deportation.

The factual pattern in the case at bar negatives the all-important and essential ingredient of an intent to deceive. A disclosure or failure to disclose on the part of plaintiff that he was married was not material to the issue of admissibility to the United States as a nonimmigrant.

Under such circumstances the alleged false representation cannot be regarded as of sufficient dignity and materiality as to bring the same within the principles announced in Landon v. Clarke, supra.

The charges contained in the warrant of deportation are not sustained by reasonable, substantial and probative evidence.

It Is Ordered that the warrant of deportation be, and the same hereby is, declared to be void. Judgment may be entered hereon.