**Petition for Naturalization of Roselle FIELD.**

United States District Court
S. D. New York.
Feb. 13, 1958.

Edward L. Dubroff, Brooklyn, N. Y., for petitioner.

Paul W. Williams, U. S. Atty., S. D. New York, New York City, David N. Il-chert, U. S. Naturalization Examiner,

Long Island City, N. Y., of counsel, for Immigration and Naturalization Service.

DAWSON, District Judge.

The petitioner has filed a petition for naturalization which is opposed by the Immigration and Naturalization Service.

The Court finds that the petitioner entered the United States on December 22, 1947, at Miami, Florida, at which time she was in possession of a quota immigration visa issued to her by the American Vice-Consul at Bogota, Colombia. Previous to securing this immigration visa she had filed an application for such visa. In that application she was required to state all her residences since the age of 14 years. In the application, which was sworn to by the petitioner, she stated that she was born in Germany; was of Hebrew ancestry; that in 1933 she went to France and remained there until 1936–1937; was in Danzig in 1937 to 1946; that she went to Colombia in 1946 and remained there until 1947. Petitioner did not in her application for the immigration visa state that at any time she had resided in Russia. Petitioner admitted on the hearing, and the Court finds, that in truth petitioner had resided in Paris only briefly in 1933 and at the end of 1935, and that she had resided in Russia from January 1936 to June 1937. Petitioner stated that due to the persecution of Jews she left Germany for Paris in 1933; that in 1936 she married her present husband, who is a dentist, and that he was unable to work in France and that arrangements were made with a Jewish organization to send her and her husband to Russia; that they resided in Russia from January 1936 to June 1937, but that they were unhappy in Russia and left Russia for Poland and then went to Danzig, and from there to Colombia, South America. Petitioner stated that she knowingly omitted Russia as a place of residence in making application for an immigration visa because she was afraid that the fact of residence in Russia might lead some authorities to believe that she had been a Communist. She swore that she is not and never has been a Commu-

nist, nor connected with any Communist group of any nature whatsoever.

It appears that petitioner filed a petition for naturalization on February 17, 1953. On March 30, 1953 an order was entered in this court admitting the petitioner to United States citizenship. In April, 1953, the Immigration and Naturalization Service learned for the first time that petitioner had concealed the fact of Russian residence at the time she made application for an immigration visa and a motion was brought on in this court to vacate and set aside the order admitting the petitioner to citizenship. This court, in an opinion by Judge Sugarman, granted an order vacating and setting aside the order admitting the petitioner to citizenship, conditioned upon the Immigration and Naturalization Service concluding the naturalization proceedings before initiating any deportation proceedings against the petitioner. See Petition of Field, D.C.S.D.N.Y.1953, 117 F.Supp. 154, 156.

The Immigration and Naturalization Service opposes the granting of citizenship to petitioner on the ground that petitioner obtained her immigration visa by a material misrepresentation, willfully and knowingly made, and that therefore the immigration visa was obtained by fraud, and admission of petitioner into the United States in possession of a visa so obtained is not a lawful admission for permanent residence, and hence she is ineligible for naturalization. The issue as presented is, therefore, primarily whether the petitioner has been lawfully admitted to the United States for permanent residence. As Judge Sugarman stated in his opinion above referred to:

"If the court finds that under world conditions then prevailing the concealment [of residence in Russia] was immaterial to the issuance of the visa, Mrs. Field is legally here and, on that score, not to be denied naturalization."

The Immigration and Naturalization Service offered in evidence a letter from the Director of the Visa Division of the Department of State in which this individual indicated that if the Department had known that there was a misstatement in the visa application they would not have granted the visa. The letter was rejected as not competent proof. However, the Court can assume that if the Department of State knew that a false statement had been made in the visa application they would not grant a visa on that application. This is not to say, however, that if the Department of State had known that petitioner had resided in Russia from January 1936 to June 1937 they would not have granted a visa. The most that can be said is that a statement to that effect might have resulted in further investigation by the Department. However, the Immigration and Naturalization Service has had several years to make such further investigation after it had knowledge of this residence in Russia and nothing further has been advanced by the Service to indicate that any such investigation would have resulted in the refusal of a visa. Therefore, under the cases, the sole issue is whether this misrepresentation of petitioner's residence was such as to constitute a material misrepresentation, which, if the facts had been known, would have resulted in a refusal of the immigration visa.

The courts have distinguished between a fraudulent misrepresentation in an application for a visa and a misrepresentation that is irrelevant to the right of admission to this country. In United States ex rel. Iorio v. Day, 2 Cir., 1929, 34 F.2d 920, at page 921, the court said:

"The statute does not make it a ground for deportation that the alien has made a false oath upon his application for a visa or used it to get in. It is wrong to say in such a case that he came in without inspection, or in violation of law. It is true that the relator was bound to tell the truth on his application, but, if what he suppressed was irrelevant to his admission, the mere suppression would not debar him. Doubtless it might be made to do so, but we cannot find that it has been. So the

first question comes down at most to whether the facts, had he disclosed them, would have been enough to justify the refusal of a visa or exclusion upon entry."

See also United States ex rel. Lamp v. Corsi, 2 Cir., 1932, 61 F.2d 964; United States ex rel. Fink v. Reimer, 2 Cir., 1938, 96 F.2d 217, certiorari denied 305 U.S. 618, 59 S.Ct. 78, 83 L.Ed. 395; United States ex rel. Teper v. Miller, D.C.S.D. N.Y.1949, 87 F.Supp. 285.

In United States ex rel. Leibowitz v. Schlotfeldt, 7 Cir., 1938, 94 F.2d 263, at page 265, the court said after commenting on various cases involving this issue:

"Other cases might be cited where the distinction has been made between misrepresentation which enable the immigrant to obtain admission and where such right was not thus dependent. In the former, such misrepresentation has generally been termed a fraud and ground for deportation, while in the latter it has been treated as irrelevant and as not constituting such ground."

It is not contended by the Immigration and Naturalization Service that the short residence of petitioner in Russia would have been ground for a denial of the visa or ground for exclusion of the petitioner from this country. The most that can be said is that a truthful answer might have induced the Consul to have instituted an investigation which, if other facts were disclosed, might have resulted in a proper refusal of the visa. If the investigation could have proved that the immigrant was within one of the excluded classes this failure to make a truthful statement would have been a material misrepresentation.

■ The Court recognizes that there is an apparent disagreement among the courts as to whether a willful visa misrepresentation is always a material fraud where it may have the effect of hindering investigation of the applicant, or whether there must be a showing that the facts, if revealed, would have led to a denial of the visa. Cf. Duran-Garcia v. Neelly, 5 Cir., 1957, 246 F.2d 287; Landon v. Clarke, 1 Cir., 1957, 239 F.2d 631; Corrado v. United States, 6 Cir., 1955, 227 F.2d 780, certiorari denied 1956, 351 U.S. 925, 76 S.Ct. 781, 100 L. Ed. 1455, with United States ex rel. Iorio v. Day, supra; Herrera-Roca v. Barber, D.C.N.D.Cal.1957, 150 F.Supp. 492. This Court finds that the rule of this circuit, which appears to be the most appropriate rule, is that not any misrepresentation warrants a finding of fraud or materiality, but that there must be a showing that the misrepresentation concealed facts which "might well have prompted a final refusal" of the visa, or "might have resulted in a proper refusal of the visa." United States ex rel. Jankowski v. Shaughnessy, 2 Cir., 1951, 186 F.2d 580, 582; United States v. Flores-Rodriguez, 2 Cir., 1956, 237 F.2d 405, 408. Such a showing may appear by the falsity in the visa application itself, as, for example, where the applicant falsely denies ever having been convicted of a crime involving moral turpitude, but where the non-disclosure is of the nature shown in this case there must be a further showing of facts which would allow the Court to conclude that the misrepresentation was material.

■ The Immigration and Naturalization Service has done no more than to indicate that if the truthful answer had been made by the petitioner upon her visa application an investigation might have been instituted. They have offered nothing to show that an investigation might have resulted in a proper refusal of the visa. In fact, there is every reason to believe that if the petitioner had truthfully stated all her places of residence, including her short stay in Russia, she nevertheless would have obtained the visa. Under the tests which would be applied if the Government were to question the validity of petitioner's entry into the United States, there is every reason to believe that failure to answer in full this question on the application would not have impaired the validity of petitioner's entrance into this country.

The Court therefore concludes that petitioner has been legally admitted to this country for permanent residence and is eligible for naturalization. No other issue has been raised for denying the naturalization of petitioner and the Court finds that she has satisfied the requirements for naturalization. The oath of naturalization shall be administered to the petitioner. So ordered.

This opinion shall constitute the findings of fact and conclusions of law of the Court.