MATTER OF C——T——P——

## In DEPORTATION Proceedings

### A-10344385

*Decided by Board September 19, 1958*

**Misrepresentation—Section 212(a)(19) of the 1952 act—Materiality—Criteria for determining materiality in respect to visa application.**

Misrepresentations in visa application concerning parentage, whereabouts of parents, and residence in China from 2 to 9 years of age, were not material and, hence, did not invalidate the visa, when the record does not establish that the misrepresentations concealed facts which either would have disclosed a ground of inadmissibility or "might well have prompted a final refusal of the visa."

(NOTE: This decision contains comprehensive discussion of materiality of misrepresentations in visa applications with review of judicial and administrative precedents.)

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry or visa procured by fraud.

Lodged: Refugee Relief Act of 1953—Section 7(b)—Ineligible for visa issued pursuant to section 4(a)(12) of Refugee Relief Act of 1953—Not a refugee as defined by section 2(a) of the Refugee Relief Act of 1953.

#### BEFORE THE BOARD

**Discussion:** The Assistant Commissioner, Investigations Division, requests that this Board withdraw its order of May 13, 1958, sustaining the respondent's appeal from the special inquiry officer's order finding him deportable on the charge in the order to show cause. The Assistant Commissioner asks that the Board order the respondent's deportation upon the charge in the order to show cause. The special inquiry officer held that the Service had failed to sustain its burden of establishing that respondent was not a refugee and, therefore, the special inquiry officer found that the lodged charge was not supported. The Assistant Commissioner does not request that the alien be found deportable on the lodged charge. Counsel has submitted a reply brief asking that the motion be denied.

When the respondent applied for his visa, he furnished false information to the consul about his parentage, the whereabouts of his parents, and his residence in China from the ages of 2 years to 9 years.

We held that these representations were not material because the respondent was a "refugee" when he applied for the visa and had the true facts been known, no ground of inadmissibility would have been revealed. The Service believes that any misrepresentaion which would have led to further investigation and "which *might possibly* have led to the denial of the visa" should make the visa invalid.

We do not believe the Service contention can be upheld. The fact that further investigation was prevented does not make a misrepresentation material (*In re Field's Petition*, 159 F. Supp. 144, S.D. N.Y., 1958; *Matter of S——C——*, E-086114, 7 I. & N. Dec. 76). The mere possibility of a refusal does not make a misrepresentation material. A review of the cases shows that in some situations it is the actual existence of a ground of inadmissibility and in others the *probable* existence of a ground of inadmissibility which makes the misrepresentation material.

The record must establish the actual existence of a ground of inadmissibility where the misrepresentation is concerning an objective matter, such as conviction for a crime involving moral turpitude. In such cases, the conviction must be present and it must involve moral turpitude (*United States ex rel. Iorio* v. *Day*, 34 F.2d 920, C.A. 2, 1929; *Matter of S——C——*, *supra*, pp. 89–91; but see *Ablett* v. *Brownell*, 240 F. 2d 625, C.C.A. D.C.). There are, however, grounds of inadmissibility which require the weighing and balancing of intangible factors before a determination can be made. In such cases, the limited nature of information available prevents the making of certain judgments and the consul must have some leeway in arriving at his determination. For example, a determination as to whether an applicant is a believer in a subversive doctrine, or a psychopathic personality, or one likely to become a public charge, cannot be established with the exactitude that can a ground of inadmissibility such as conviction for 2 or more offenses for which the aggregate sentences to confinement actually imposed were 5 years or more. In these situations where leeway exists, the rule has arisen that the record need not establish that the ground of inadmissibility actually exists. It is sufficient that the ground of inadmissibility probably exists. Thus, in *Matter of F——R——*, A-8401009, 6 I. & N. Dec. 813, the alien had concealed information which bore on the issue as to whether he was a person of constitutional psychopathic inferiority. The existence of the ground of inadmissibility was not established by the record but its probable existence was shown. We held that the misrepresentation was material because revelation of the true facts might well have prompted the refusal of a visa (*Matter of S——C——*, E-086114, 7 I. & N. Dec. 76, pp. 89–91; *Matter of M——*, E-086095, 7 I. & N. Dec. 222).

*In re Field's Petition, supra,* concerned an alien who, in applying for a visa, had concealed the fact that she had resided in Russia

135

for a short period. The Department of State flatly said that had it known that the application contained a misstatement, the visa would not have been granted (p. 146). At the time the case was heard in court, no particular ground of inadmissibility was shown to have existed at the time the visa was applied for. The court showed no concern with the fact that refusal of the visa was a possibility. The court was concerned only with the question whether the probability of refusal for reasons other than the fact that a misstatement existed was present. The following extracts from the case are pertinent:

The courts have distinguished between a fraudulent misrepresentation in an application for a visa and a misrepresentation that is irrelevant to the right of admission to this country * * *

*       *       *       *       *       *       *

The Court recognizes that there is an apparent disagreement among the courts as to whether a willful visa misrepresentation is always a material fraud where it may have the effect of hindering investigation of the applicant, or whether there must be a showing that the facts, if revealed, would have led to a denial of the visa. (Citations omitted.) This Court finds that the rule of this circuit, which appears to be the most appropriate rule, is that not any misrepresentation warrants a finding of fraud or materiality, but that there must be a showing that the misrepresentation concealed facts which "might well have prompted a final refusal" of the visa, or "might have resulted in a proper refusal of the visa." *United States ex rel. Jankowski* v. *Shaughnessy*, 2 Cir., 1951, 186 F.2d 580, 582; *United States* v. *Flores-Rodriguez*, 2 Cir., 1956, 237 F.2d 405, 408. Such a showing may appear by the falsity in the visa application itself, as, for example, where the applicant falsely denies ever having been convicted of a crime involving moral turpitude, but where the non-disclosure is of the nature shown in this case there must be a further showing of facts which would allow the Court to conclude that the misrepresentation was material.

The Immigration and Naturalization Service has done no more than to indicate that if the truthful answer had been made by the petitioner upon her visa application an investigation might have been instituted. They have offered nothing to show that an investigation might have resulted in a proper refusal of the visa. In fact, there is every reason to believe that if the petitioner had truthfully stated all her places of residence, including her short stay in Russia, she nevertheless would have obtained the visa. Under the tests which would be applied if the Government were to question the validity of petitioner's entry into the United States, there is every reason to believe that failure to answer in full this question on the application would not have impaired the validity of petitioner's entrance into this country.

The Court therefore concludes that petitioner has been legally admitted to this country for permanent residence and is eligible for naturalization . . .

We believe the rule stated in *Field* should be followed. It is the majority rule. It is the rule which has been followed since at least *Iorio* (1929) (*Matter of S——C——, supra*, p. 92). Years of settled judicial and administrative practice, taking into consideration the general background of immigrants, the fact that they are often ill-advised, the financial and emotional expense with which

136

they have uprooted their ties in their native land, and the hardship of requiring the established ties in this land to be broken, require caution and consideration to be used in finding misrepresentations material when made in an application for a visa. Without condoning the making of misrepresentations, but bearing in mind that the factors we have set forth exist, we see no reason to abandon the conservative rule of the past and now subject to deportation all aliens concerning whom *any* possibility of the denial of a visa existed. If the rule is to be changed, it should be done by the clear statements of the legislature or the courts and not by implications drawn from solitary cases.

We shall briefly comment upon some of the cases cited by the Service in support of its position. *United States* v. *Flores-Rodriguez*, 237 F.2d 405, 408, 411, involved a prosecution for perjury on the part of the alien involved in *Matter of F——R——, supra.* In a perjury proceeding, anything is material which the Government official had the right to know. This test is not used in visa fraud cases. Moreover, *Flores-Rodriguez* is cited in *In re Field's Petition* in support of its position. *Ablett* v. *Brownell*, 240 F.2d 625, involved concealment of the convictions of 2 crimes. One crime clearly involved moral turpitude. This would have justified refusal of the visa. The other crime presented a question of real difficulty as to whether it involved moral turpitude. The court held that the visa had been obtained by fraud. If it is the court's view that concealment of a fact which, if revealed, would have led to a temporary refusal while an investigation was conducted is sufficient to constitute the obtaining of the visa by fraud, irrespective of what a final investigation would reveal, we do not think that it represents the majority rule. We note that *In re Field's Petition* held that a misrepresentation was not material although a "truthful answer might have induced the Consul to have instituted an investigation" [a temporary refusal!]. *Duran-Garcia* v. *Neely*, 246 F.2d 287 (C.A. 5, 1957), cited by the Service, was considered by the court in the *Field* case as being in "apparent disagreement" with *Iorio* which states the majority rule. The language is broad but it must be noted that *Duran-Garcia*, involving an application for temporary admission which the court found embraced a material misrepresentation, shows that the alien concealed the fact that she was actually entering to take employment—a purpose inconsistent with an application for temporary admission and a ground of inadmissibility. The alien also concealed the fact that she had previously been compelled to leave the United States because of a violation of her temporary immigration status. The first matter concealed would have required her exclusion as a visitor. The second matter could well have prevented her entry on the ground she was

137

not a *bona fide* visitor. Thus, the probability that the alien was within a class excluded by law was greater than the probability that she was a *bona fide* immigrant.

*Corrado* v. *United States*, 227 F.2d 780, cert. den. 351 U.S. 925, is also cited by the court in *In re Field's Petition* as being in apparent opposition to *Iorio*. The test of materiality in denaturalization cases is not that which is found in immigration cases. In *United States* v. *Chandler*, 152 F. Supp. 169, 177, a denaturalization case, the court stated the test was "not whether naturalization would have been refused if defendant had revealed the truth, but whether, by his false answers, the Government was deprived of the opportunity of investigating the facts relating to his eligibility." This test was rejected in immigration misrepresentation cases except in "identity" cases (*Matter of S——C——, supra*). The requirements for admission to citizenship are different than the requirements for the issuance of a visa, and materiality in one case is not necessarily materiality in another.

Administrative precedents referred to in the Service motion do not establish a different standard than that which we have described.

The factual situation was carefully considered by this Board and we found it proper to agree with the special inquiry officer that the Service had not established that the respondent was not a refugee entitled to the issuance of the visa, and we note that in this motion the Service does not ask for deportation on the charge that respondent was not a refugee. We do not believe the record establishes that the misrepresentation concealed facts which "might well have prompted a final refusal" of the visa.

In order to summarize the situations existing in misrepresentation cases and to answer the contentions of the Service without extending this order unduly, we shall state the rules applicable to misrepresentation cases other than those involving identity:

(1) In a deportation proceeding, whether or not the visa would have been issued had the true facts been known is a matter for the immigration authorities in the United States and not for the consul who issued the visa (*Matter of M——*, A–7099059, 4 I. & N. Dec. 532; *Matter of S——C——*, E–086114, 7 I. & N. Dec. 76; *In re Field's Petition*, 159 F. Supp. 144, 146).

(2) The Service has the burden of establishing the existence of the grounds making the alien ineligible for the issuance of a visa, and it has the burden of establishing that there was a willful misrepresentation (*Matter of S——C——, supra*, p. 79; *In re Field's Petition, supra;* see *Matter of G——G——*, A–8949107, 7 I. & N. Dec. 161).

(3) If the misrepresentation is concerning an objective matter which is a ground of inadmissibility, such as conviction for crime

involving moral turpitude, then the objective fact must exist. The conviction must be present and it must involve moral turpitude.

(4) If the misrepresentation is concerning a ground which requires a weighing and balancing of intangible factors giving the consul measure of discretion, as for example, whether an applicant is a believer in a subversive doctrine, or a psychopathic personality, or one likely to become a public charge, then it is not necessary that the record establish that the ground actually did exist. It is sufficient if the record establishes that the ground of inadmissibility probably existed.

**Order:** It is ordered that the motion be and the same is hereby denied.