UNITED STATES of America,
Petitioner,

v.

Cesare ROSSI, also known as Ricardo
Luis Rossi, Respondent.

Civ. No. 35798.

United States District Court,
N. D. California, S. D.

March 16, 1959.

Robert H. Schnacke, U. S. Atty., Robert N. Ensign, Asst. U. S. Atty., San Francisco, Cal., for petitioner.

Joseph L. Alioto, San Francisco, Cal., for respondent.

WOLLENBERG, District Judge.

This is an action by the government for revocation of Certificate of Naturalization No. 3916169 issued February 4, 1935 to Ricardo Luis Rossi, the respondent herein, whose true name is Cesare Rossi. Respondent, Cesare, entered the United States illegally some time between 1926 and 1927. After one or two years residence, he voluntarily departed from this country for Tacna, Chile (now Peru) where he remained for several months with relatives. During this period respondent first adopted the name of his deceased brother, Ricardo, for the purpose of voting in a plebiscite held to settle a boundary dispute between Chile and Peru. Ricardo was born in Tacna, Peru, while Cesare was born in Italy. Approximately two or three months after this plebiscite respondent, traveling as a Chilean citizen under a Chilean passport issued to him as Ricardo, returned to Italy.

Shortly thereafter, respondent represented himself to the proper United States authorities in Italy as a Chilean citizen and, as such, eligible for a *non quota* immigration visa. The government concedes that as an Italian citizen using his true name respondent would have been eligible for a *quota* immigration visa, although at this time the quota was temporarily closed. Thus, the government concedes that the only effect of using his brother's identity was to hasten respondent's entry into this country. The government does not claim that if the true facts were known an investigation would have uncovered any facts which would justify a refusal to issue respondent a quota visa. From 1929 until August 1934, when he filed a petition for naturalization, and at all times since, the respondent has assumed Ricardo's identity and has so represented himself.

Two questions are raised by this petition. First, was respondent Rossi "lawfully admitted" into this country as required by 8 U.S.C.A. § 1427 prohibiting naturalization unless such condition has been met? That is, was respondent in fact eligible for naturalization? Second, is the admittedly willful misrepresentation in Respondent's application for naturalization, in law or in fact, material? If so, the Government is entitled to the granting of the petition revoking Mr. Rossi's Certificate of Naturalization. Del Guercio v. Pupko, 9 Cir., 1947, 160 F.2d 799.

With respect to the first question, under the facts adduced herein, the Court concludes that respondent was lawfully admitted into this country for permanent residence (8 U.S.C.A. § 1427), and was eligible for naturalization. It is well settled that not every willful misrepresentation is in and of itself material. Leibowitz ex rel. U. S. v. Schlotfeldt, 7 Cir., 1938, 94 F.2d 263; United States ex rel. Iorio v. Day, 2 Cir., 1929, 34 F.

2d 920; Fink ex rel. U. S. v. Reimer, 2 Cir., 1938, 96 F.2d 217, certiorari denied 1938, 305 U.S. 618, 59 S.Ct. 78, 83 L.Ed. 395; In re Field's Petition, D.C.S. D.N.Y.1958, 159 F.Supp. 144; Herrera-Roca v. Barber, D.C.N.D.Cal.1957, 150 F.Supp. 492. Under the test set forth in Fink ex rel. U. S. v. Reimer, supra [96 F.2d 218], "a fact suppressed or misstated is not material to the alien's entry, unless it is one which, if known, would have justified a refusal to issue the visa." The government has not attempted to show that it would have been justified in refusing to issue Rossi a quota visa, if his true identity were disclosed. The government has placed no evidence before this Court which would indicate that respondent has been anything but a law-abiding person of good moral character both in this country and abroad.

In Leibowitz ex rel. U. S. v. Schlotfeldt, 7 Cir., 1938, 94 F.2d 263, the Court held that the willful use of an assumed name was not material as (1) it was not assumed for the express purpose of entering this country, (2) there was no intent to deceive the government, and (3) the facts concealed, if known, would not have barred issuance of the visa. Under all of the facts and circumstances of this case the Court finds that respondent herein did not have any intent to deceive the government by using Ricardo's name in applying for a visa. The Court has already discussed the other similarities between Leibowitz and the present case.

Since respondent was eligible for naturalization it seems apparent that petitioner has failed to meet the burden of proving materiality required of it in denaturalization cases. Because of the far greater magnitude of rights involved in a denaturalization proceeding, it is logical and reasonable to require that when testing the materiality of a naturalization misrepresentation the government, at the very least, also should meet the standards set forth in Fink, supra. In Baumgartner v. United States, 1944, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525, the Court in discussing Schneiderman v. United States, 1943, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796, stated 322 U.S. at page 670, 64 S.Ct. at page 1243 that "it was there held that proof to bring about a loss of citizenship must be *clear and unequivocal*. We can not escape the conviction that the case made out by the Government lacks that solidarity of proof which leaves no troubling doubt in deciding a question of such gravity as is implied in an attempt to reduce a person to the status of alien from that of citizen." (Emphasis supplied.) Although Baumgartner and Schneiderman involved the question of whether any fraudulent intent *ever* existed, the government is required to sustain the same degree of proof in showing each and every element of its case, including the materiality of the misrepresentation. The government in this case has failed to comply with the rules laid down in Baumgartner, Schneiderman, and Fink.

The government relies on the following cases to sustain its position: Landon v. Clarke, 1 Cir., 1956, 239 F.2d 631; Duran-Garcia v. Neelly, 5 Cir., 1957, 246 F.2d 287; United States v. DeLucia, 7 Cir., 1958, 256 F.2d 487, 490. But "the Court recognizes that there is an apparent disagreement among the courts as to whether a willful visa misrepresentation is always a material fraud where it may have the effect of hindering investigation of the applicant, or whether there must be a showing that the facts, if revealed, would have lead to a denial of the visa." In re Field's Petition, D.C. S.D.N.Y.1958, 159 F.Supp. 144, 147 (failure to disclose previous residence in Russia). However, none of the cases relied upon by the government disapproves or rejects the Leibowitz doctrine. The cases relied upon by Petitioner are factually distinguishable from this case. In two of the cases an investigation based upon the true facts, if disclosed, might have uncovered adulterous (Landon v. Clarke, supra), or criminal conduct (United States v. DeLucia, supra), which in itself would be a sufficient showing of materiality. However, this Court

holds that where the misrepresentation is of the nature shown here, the government has the further burden of showing by clear and unequivocal evidence that the misrepresentation was material.

Therefore, in accordance with the above opinion, the Court orders, and hereby directs that judgment be entered in favor of respondent, Cesare Rossi, and against the petitioner; counsel for respondent to prepare findings of fact and conclusions of law.