**Maria de la Luz VIRUETTE TORRES,** Appellant,

v.

**Richard C. HOY, Acting Director, Immigration and Naturalization Service, Los Angeles, California,** Appellee.

No. 16083.

United States Court of Appeals Ninth Circuit.

July 1, 1959.

Jack Surinsky, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Henry P. Johnson, Richard A. Lavine, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and MARTIN, Circuit Judges.

PER CURIAM.

Appellant, the plaintiff below, brought this action to review an order of the United States Immigration and Naturalization Service that she be deported. Her complaint was based on an alleged insufficiency of evidence to support the order, rendered after deportation hearings held in Los Angeles. Jurisdiction in the lower court was predicated upon 28 U.S.C. § 2201 and 5 U.S.C. § 1009.

The district court rejected the arguments of the appellant and affirmed the deportation order.

It appears from the record that appellant, an alien, was convicted, under the name of Manuela Aguirre Ramirez, on September 19, 1949, for violation of 8 U.S.C. § 144 (1940 ed.)*, i.e., smuggling aliens. Following a suspended sentence she was allowed to depart voluntarily from the United States to Mexico in late 1949.

Following the deportation hearing in 1956, the Hearing Officer found as a fact that appellant had resided almost continuously in the United States from 1943 through 1950. Moreover, prior to November 1, 1950, she had sought entry into the United States and been excluded therefrom.

On November 1, 1950, appellant applied for an immigration visa to the United States, at Tijuana, Mexico. In the application, she stated among other things: (1) that she was not a person "previously deported, or ordered deported and permitted to leave the United States voluntarily under the order of deportation"; (2) that she had not "been arrested or indicted for or convicted of any offense"; (3) that she was not a person "previously excluded from the United States at a port of entry"; and (4) that she had resided at Tala, Jalisco, Mexico from 1932–1946, and Tijuana, Mexico from 1946 to 1950.

Appellant obtained her visa on November 1, 1950, and since November 2, 1950, has resided in this country. Subsequent to her entry on this visa, on December 26, 1956 appellant was present with counsel, at a deportation hearing. Following the hearings, the Hearing Officer found appellant's answers as above set forth, to have been untrue, and further found her deportable under the provisions of 8 U.S.C. § 1251(a)(1) since she had procured her visa by fraud or willfully misrepresenting material facts, and therefore was excludable at entry. 8 U.S.C. § 1182(a)(19). The order of deportation

* Now 8 U.S.C.A. § 1324(a).

was affirmed by the Board of Immigration Appeals on September 6, 1957, after which appellant sought declaratory relief in the district court.

Appellant lists seven specifications of error in her brief, which are largely redundant generalities, but which apparently get down to contentions that (1) the evidence was not sufficient to support the order of deportation or an approval of it by the district court; and (2) that assuming that it was sufficient, it was not material or relevant to a showing that she obtained the visa by fraud.

The argument of appellant never makes any specific page reference to portions of the record below, either of the lower court or of the Immigration and Naturalization Service. Cf. Rule 18, subd. 2(e) of this Court, 28 U.S.C. Yet it is contended in general terms that the record shows that the facts allegedly misrepresented "are irrelevant." [Br. 7.] Appellant apparently takes the view that the misrepresentations made on the application for the visa must be shown by the evidence to have directly resulted in the issuance of a visa which would not otherwise have been issued if the true answers were given. In support of this, appellant cites United States ex rel. Leibowitz v. Schlotfeldt, 7 Cir., 1938, 94 F.2d 263, at page 265, and In re Field's Petition, D.C.S.D.N.Y.1958, 159 F.Supp. 144, at page 147. Neither of the cases cited are apposite here.

■■■ Nor are we convinced that the above cases represent the law today, for the majority rule seems to be that the fact the alien might have obtained a visa on the true facts does not vitiate the fraud or misrepresentation. See, e.g., Landon v. Clarke, 1 Cir., 1956, 239 F.2d 631; United States ex rel. Jankowski v. Shaughnessy, 2 Cir., 1951, 186 F.2d 580, and cases cited therein. See also, Ablett v. Brownell, 1957, 99 U.S.App.D.C. 387, 240 F.2d 625, 631. In any case, the facts misrepresented in the instant case are so obviously material as to admit of no reasonable contention to the contrary.

As to the second point raised by counsel for appellant in the brief, it is said, again without a single reference to any specific portion of the record, that "a perusal of these documents * * * would indicate that the holdings and the findings of the District Court were [not] based on any substantial evidence." [Br. 8.] The answer to this argument is readily found in the written opinion of the trial judge, who said:

"A study of the entire administrative record convinces me that there is substantial evidence in the record to sustain the ground upon which deportation was based. *Indeed her own admissions at the hearing, where she was represented by counsel, would alone, be sufficient to show wilful fraud and misrepresentation.*[1]

"When the record is considered as a whole the conclusion is inevitable that the order of deportation was 'based on reasonable, substantial and probative evidence.'" [Emphasis added.]

---

1. We give two examples of such admissions (previously made to an immigration officer):
"Q. This application for an immigration visa and alien registration contains the statement, among others, that 'I have (not) been arrested, indicted for, or convicted of any offense * * *'; were you asked such a question when you applied for your immigration visa? A. Yes.
"Q. How did you answer? A. I said 'No.'
"Q. Then, as I understand it, you answered that question falsely. Is that correct? A. It is correct that I answered it falsely.
"Q. Why did you answer falsely? A. Because I thought they would not give me the immigration and I had need of it for the necessities of life."
[Page 6 of appellant's sworn statement of September 6, 1956, introduced as Exhibit 7, (p. 11) in appellant's deportation hearing of December 26, 1956.]
When asked at the same interview if she had not answered that she lived in Mexico up until 1950, when in fact she lived in the United States during most of the time from 1943 to 1950, she said:
"A. I gave that answer. It is not the truth.

We affirm the decision of the lower court which in turn upheld the deportation order. We hold there is more than sufficient evidence to sustain the order of deportation.

"Q. Why did you give that answer? A. Because I didn't want to tell them that I had in years past been in the United States.

"Q. Why did you not want them to know you were in the United States? A. I didn't think they would give me my visa because they would have wanted to know about my permit to be here, what I have been doing, and would find out about Manuela Aguirre."