MATTER OF BECERRA

In Deportation Proceedings

A-14608640
A-14613914

*Decided by Board September 30, 1968*

(1) An alien who entered the United States ostensibly to attend school while supported by his father, but who assumed joint responsibility with his father for support of his family and obtained employment shortly after entry, is deportable as one who was excludable for lack of a Labor certification as required by section 212(a)(14) of the Immigration and Nationality Act, as amended, notwithstanding he was a minor (14 years of age) at entry.*

(2) Notwithstanding the birth of a United States citizen child after entry, an alien who fraudulently entered as the spouse of a U.S. citizen to evade the Labor certification requirement is ineligible for the benefits of section 241(f) of the Act, since he was not otherwise admissible at entry because excludable under section 212(a)(14) of the Act.**

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable—visa procured by fraud or willfully misrepresenting material fact under section 212(a)(19) [adult respondent].

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Immigrant not in possession of valid visa under section 212(a)(20) [adult respondent].

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Immigrant seeking to enter the United States to perform labor without Secretary of Labor certification, to wit, section 212(a)(14) [both respondents].

ON BEHALF OF RESPONDENTS: David C. Marcus, Esquire
215 West 5th Street
Los Angeles, California 90013

The cases come up on appeal from a decision of the special inquiry officer finding both respondents deportable. The record re-

---

* Remanded for further consideration, 418 F.2d 108.
** Overruled, *see* 418 F.2d 108 (C.A. 9, 1969).

lates to father and son, natives and citizens of Mexico. The adult respondent obtained a special immigrant visa on December 27, 1965 on the basis of a marriage entered into with one Felicitas Rios-Galaviz, a citizen of the United States. By the presentation of a marriage certificate and a divorce certificate purporting to show termination of a previous marriage the respondent was able to circumvent the requirements of section 212(a)(14), thereby gaining entry on December 27, 1965 into the United States for permanent residence. The minor male child procured entry into the United States on February 15, 1966 on the basis that his father was an alleged lawful permanent resident. At the time the boy was 14½ years of age and it was asserted that he would be in attendance at a school in Oxnard, California; however, soon after his entry he procured employment.

It was subsequently discovered that the adult respondent was previously married to Paula Monje, a native and citizen of Mexico, and of that marriage were born seven children all of whom resided in Mexico. The respondent then admitted in a prehearing statement that he had paid $200 for the purpose of obtaining a fraudulent divorce decree showing that his first marriage had been terminated and a fraudulent marriage certificate purporting to show marriage between the respondent and a United States citizen with whom he had never lived in any kind of marital status. In that prehearing statement the respondent admitted that these documents were false and were obtained for the sole purpose of procuring entry into the United States as an immigrant.

Subsequent to entry, an application was made for the wife to enter the United States with the other children. The basis of her entry was that she was the spouse of a lawful resident alien and subsequent to her entry a United States citizen child was born to her on December 10, 1967.

The special inquiry officer found that the visa obtained by the father was procured by fraud having been based on a fraudulent marriage. As to the son the special inquiry officer concluded that he also was not entitled to the status of a permanent resident since he was required to obtain a labor certification under section 212(a)(14) in that his primary purpose for entering the United States was not to go to school but to work.

Counsel for the respondents on appeal argues that the evidence required to establish deportability as to the male adult respondent is not clear, convincing and unequivocal and that under section 241(b) the respondent was eligible for relief. We assume that the

20

statute cited by the counsel is 241(f) as opposed to 241(b).[1] As to the minor child the counsel for the respondents asserts that the evidence does not establish deportability by clear, convincing and unequivocal proof. He further argues that there was error in holding that the respondent, a minor, required certification by the Department of Labor under section 212(a)(14) of the Immigration Act.

After a careful review of the evidence and the testimony we are compelled to uphold the finding by the special inquiry officer as to both respondents. Exhibit 2 relates to a visa issued to one Pedro Pozos Becerra on December 27, 1965 and the visa application is attached thereto. In that visa petition the adult respondent lists the name and address of his wife as Felicitas Rios Galaviz residing in Los Angeles, California. He also states on that application he has three children, Victor, Agripina and Faustino residing in Mexicali, Baja California. Attached to the application and the visa is a marriage certificate relating to one Pedro Pozos Becerra and Felicitas Rios Galaviz showing that on December 21, 1964 the named persons were united in matrimony. There is also a divorce decree No. 673/69 relating to an absolute divorce between Pedro Becerra Pozos and Paula Monge-Flores which divorce appears to have been rendered August 19, 1964. These documents were the basis for which the visa was issued to the male respondent. Exhibit 7 relates to a sworn statement made by the adult male respondent alleging that he had procured a marriage certificate purporting the showing of marriage to one Felicitas Rios Galaviz and a divorce decree purporting to show a divorce between him and his first wife, Paula Monje. He admitted in the sworn statement that he used this marriage certificate to immigrate so that he would not have to obtain Form 320 which we assume is the certification required under section 212(a)(14). Exhibit 8 is an affidavit of support signed by both respondents executed on behalf of Paula Monje de Becerra and their four children. Paragraph two recites that the person named in the affidavit is mother and wife to the affiants. Exhibit 10 relates to an immigrant visa issued to one Paula Monje de Becerra on March 17, 1967 and the application for the visa executed by her. Question 10 on the visa application answered by Paula Monje Becerra states that she was married only once and that her purpose in entering was to live and reunite herself with her husband. By husband she referred on Question 18 to her husband, Pedro Pozos

---

[1] Section 241(b) relates to something completely inapplicable to the instant case.

Becerra. To the wife's application was attached a marriage certificate showing that the Paula Monje was married to Pedro Becerra on July 17, 1950 in Tecolotoan, Jal., Mexico. There was no divorce decree presented in connection with that visa application nor a subsequent marriage certificate. Therefore, it appears clear that the wife of the respondent was relying on the first marriage as a means to enter as an immigrant. Had the divorce and second marriage been regarded valid by the adult respondent, there would have ensued a third marriage. The admissions of the respondent together with this independent evidence clearly demonstrates that the deportation charge relating to the adult male respondent is supported by clear, convincing and unequivocal evidence.

As to the minor male respondent, the record of hearing reveals that since entry he has not attended school during the day. At the hearing, the minor male respondent testified that he is in attendance at school two nights a week for three hours a night. He further stated that his earnings were used to furnish the house in which his mother and the other children came to live. From the facts of the case it appeared that the minor male respondent's primary purpose in entering the United States was to enter the labor market and under such circumstances a labor clearance was required. Notwithstanding that the minor male respondent was of tender years his primary objective for entering the United States was not to be with his father and to be supported by him, rather to assume joint responsibility with his father for the support of his family. Under the circumstances he would be found excludable as one who failed to obtain a certification demanded by the Department of Labor pursuant to section 212(a)(14). We find nothing that would disturb the conclusion reached by the special inquiry officer.

The record shows that there is a United States citizen child that was born to the adult male respondent and his wife. However the existence of a United States citizen child cannot cure the fraud since the respondent has been found not to be otherwise admissible at the time of entry. The purpose for which the respondent entered the United States was to avoid the certification requirement of the law; therefore, at the time of entry he would have not been otherwise admissible.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.