MATTER OF VIVAS

In Deportation Proceedings

A–34580254

*Decided by Board December 17, 1977*

(1) While the Service has the burden of proof to establish deportability by clear, convincing and unequivocal evidence, a respondent in deportation proceedings may be required to go forward with the evidence when the Service has made a prima facie case and respondent has better control or knowledge of the evidence (in this instance, the proper identity of his alleged United States citizen wife).

(2) Respondent's deportability as an alien excludable at entry under section 212(a)(14) of the Immigration and Nationality Act for lack of a valid labor certification is established by clear, convincing and unequivocal evidence where the record shows that he was permanently employed in the United States at the time he applied for a visa, and where the Service established that respondent was not married to the person whose birth certificate was used to establish exemption from the labor certification requirement and respondent did not go forward with evidence to establish the true identity of the person to whom he claimed to have been married at the time he entered the United States.

(3) Where consul's knowledge of the true facts would have required a finding that the applicant was ineligible to receive a visa, concealment of those facts from the consul results in procurement of a visa which is not valid, and the alien is excludable under section 212(a)(20) of the Act. Neither fraud nor wilfulness is an element in this determination, and neither is necessary to establish a charge under section 212(a)(20) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—no valid labor certification

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—no valid immigration visa

ON BEHALF OF RESPONDENT: Michael B. Cohen, Esquire
221 N. LaSalle Street
Chicago, Illinois 60601

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

The respondent appeals from an immigration judge's decision dated August 9, 1976. In this decision the respondent was found deportable under section 241(a)(1) of the Immigration and Nationality Act as excludable at entry under section 212(a)(14) and section 212(a)(20) of the

Act and was granted the privilege of voluntary departure. The appeal will be dismissed.

The respondent is a 24-year-old native and citizen of Mexico. He entered the United States as an immigrant on August 31, 1974. At issue is whether the respondent's deportability has been established by clear, convincing and unequivocal evidence.

The record reveals that the respondent obtained his immigrant visa and his exemption from the labor certification on account of his marriage to a United States citizen. The Service must prove by the required degree of evidence that the respondent was not exempt at the time of entry from the labor certification and that the visa he presented to gain admission as a lawful permanent resident was invalid.

To prove its case, the Service presented as a witness a person claiming to be the individual referred to in the birth certificate used to establish the United States citizenship of the respondent's wife. The immigration judge concluded, on the basis of her testimony at the hearing and the other evidence in the record, that the birth certificate used to establish the citizenship of the respondent's wife belonged to the witness. The immigration judge's finding of fact carries great weight and will not ordinarily be set aside. *Matter of T—,* 7 I. & N. Dec. 417 (BIA 1957).

The witness testified that she has never gone through a marriage ceremony with the respondent, that she had never met him previously and that she is married to someone else presently. The respondent testified that he had not married the witness and that he had never seen her before. However, the respondent claimed that he married someone who was using the same name as the witness. The respondent presented no evidence to clarify his wife's indentity or to prove that she is a United States citizen.

Since we have decided that the witness is the United States citizen referred to in the birth certificate, the question is, more concretely, whether the respondent's deportability as one who was excludable at entry under section 212(a)(14) of the Act is established by clear, convincing and unequivocal evidence when the Service establishes that the respondent is not married to the person whose birth certificate was used to establish the exemption from the labor certification and the respondent has not gone forward with evidence to establish the real identity of the person to whom he claims to have been married at the time he entered the United States. We hold in the affirmative for this proposition.

It is not a novel principle in immigration law that, notwithstanding the requirement of clear, convincing and unequivocal evidence to establish deportability, a respondent may properly be required to go forward with evidence to rebut prima facie showings by the Service. See *Matter*

*of Tijerina-Villarreal,* 13 I. & N. Dec. 327 (BIA 1969); *Matter of Conliffe,* 13 I. & N. Dec. 95 (BIA 1968); *Matter of Vosganian,* 12 I. & N. Dec. 1 (BIA 1966). In the case at hand, the rule is justified.

In this situation, manifestly, the Service is under a serious practical handicap if it must prove the negative proposition: that the respondent did not marry a United States citizen when he married on June 9, 1973. The possibilities are of such magnitude as to defy inclusive rebuttal. On the other hand, the burden of affirmatively identifying the person whom he married is not an oppressive one for the respondent to undertake; the relevant facts to do that are peculiarly within his knowledge. He is only being called to identify properly the person; the Service still retains the obligation to prove by clear, convincing and unequivocal evidence that the respondent is deportable on the charges brought against him.

The rule that we are enunciating for this situation is not new to either criminal or civil proceedings. The burden of going forward with evidence can be placed on a party not bearing the burden of proof when the facts are within his particular knowledge or control. See *United States v. Fleischman,* 339 U.S. 349 (1950); *Commercial Molasses Corp. v. New York Tank Barge Corp.,* 314 U.S. 104 (1941); *Williams v. Administrator of Nat. Aero. & Space Admin.,* 463 F.2d 1391 (C.C.P.A. 1972); *United States v. Hayes,* 369 F.2d 671 (9 Cir. 1966). The burden of going forward with evidence also arises under certain circumstances when a prima facie case is made by the opponent. See *Government of Virgin Islands v. Lake,* 362 F.2d 770 (3 Cir. 1966); *Rhay v. Browder,* 342 F.2d 345 (9 Cir. 1965). And, more in line with the factual situation at hand, the burden of going forward with the evidence is placed on a party not having the burden of proof when he has better control or knowledge of the evidence and his adversary makes a prima facie showing of his case. See *Campbell v. United States,* 365 U.S. 85 (1961); *Rossi v. United States,* 289 U.S. 89 (1933).

The Service has shown that the respondent has not married the person whose birth certificate was used to establish his exemption from the labor certification as the spouse of a United States citizen. The respondent has not gone forward with evidence to establish the identity of the person he married.

Counsel for the respondent argues on appeal that the respondent is not deportable as excludable at entry under section 212(a)(14) because the record is silent as to the purpose of the respondent's entry. We reject counsel's contention.

The record shows that the respondent was employed in Chicago prior to his trek to Mexico to obtain his visa. The respondent when asked his occupation on the visa application said "labores." The respondent was employed at the time of the hearing. There is an affidavit in the record from the purported wife of the respondent, dated June 24, 1974, stating

that he was permanently employed by the Crane Company in Chicago. That evidence is sufficient to establish that his purpose to enter the United States was to perform skilled or unskilled labor. See *Matter of Lee*, Interim Decision 2424 (BIA 1975); *Matter of Becerra*, 13 I. & N. Dec. 19 (BIA 1968). The respondent's deportability as one who was excludable at entry under section 212(a)(14) has been established clearly, convincingly, and unequivocally.

It is established that the birth certificate accompanying the documentation presented to the consul to prove the eligibility of the respondent for his immigrant visa did not refer to the respondent's wife. If that fact had been known to the consul at the time he issued the visa, he would not have issued it since there was no evidence before him that would establish the respondent's eligibility to receive the visa.

Where the true facts would have required a consul to rule that an applicant for a visa had not borne the burden of establishing eligibility, we must hold that concealment of those facts resulted in the procurement of a visa which was not valid. *Matter of F—M—*, 7 I. & N. Dec. 420 (BIA 1957). The fact that the applicant might have obtained a visa at a later date, establishing his full eligibility with evidence other than the one submitted at the time, does not mean that the visa obtained on August 14, 1974 is a valid visa. See *Ablett v. Brownell*, 240 F.2d 625 (D.C. Cir. 1957). Cf. *United States ex rel. Fink v. Reimer*, 96 F.2d 217 (2 Cir. 1938). The respondent's inadmissibility under section 212(a)(20) of the Act at the time of entry has been established.

Counsel for the respondent seems to argue on appeal that the respondent cannot be found deportable as excludable at entry under section 212(a)(20) because there is no evidence of fraud on the part of the respondent concerning the obtainment of his visa. We agree with counsel for the respondent that there is no evidence of fraud on the part of the respondent. However, that does not affect deportability since fraud or willfulness is unnecessary for a charge under section 212(a)(20) of the Act. *Matter of F—M—*, *supra*. The appeal will be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 31 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.